#### FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1872, AT SALEM.

### [CONTINUED FROM VOL. CX.]

―――

#### PRESENT:

HON. REUBEN A. CHAPMAN, CHIEF JUSTICE.
HON. HORACE GRAY, JR., ⎫
HON. JOHN WELLS, ⎪
HON. JAMES D. COLT, ⎬ JUSTICES.
HON. SETH AMES, ⎭

―――

### JOSEPH CARROLL vs. MANCHESTER AND LAWRENCE RAILROAD CORPORATION.

Conduct by one of the parties to a transaction will not amount to an estoppel if it was not accompanied by a design that the other party should act upon it, and has not been followed by any change in the situation of that party.

TORT to recover damages for an injury sustained by the plaintiff from the defendants' negligence, while a passenger upon their road. Writ dated February 17, 1872. Trial in the Superior Court, before *Putnam*, J., who allowed the following bill of exceptions:

"The evidence tended to show that the plaintiff received an injury by a collision of trains upon the defendants' road; that

this collision was owing to the negligence of the defendants ; and that the plaintiff was in the exercise of due care. The only defence relied upon was that the plaintiff had received from the defendants the sum of $200, in full settlement for the injury and in full discharge of all claim therefor against the defendants, and had given them the following written release : ' Manchester, N. H., June 19, 1871. In consideration of the Manchester & Lawrence Railroad having paid me two hundred dollars, and agreed to pay my doctor's bill and hotel bill, while I am disabled and obliged to remain at the Manchester House, on account of an accident which happened on the said Manchester & Lawrence Railroad, upon this 19th day of June, I hereby agree to release said road from all costs and claims of every kind on account of my injury sustained by reason of said accident. Joseph Carroll.' This release was signed at Manchester, in New Hampshire, on the day of the accident, June 19, 1871. The plaintiff remained in Manchester for the next ten or eleven days, and then returned to his home in Lawrence.

" The plaintiff offered evidence tending to show, that, at the time he made this settlement he was not in a condition of mind which rendered him competent to make it ; and the jury so found under instructions of the judge not excepted to.

" The defendants contended that if the plaintiff was incompetent to make the settlement at the time of signature, he had afterwards when of sound mind adopted it and made it valid. Evidence was offered, on both sides, bearing on this point. There was evidence that during the time the plaintiff remained at Manchester he knew it was claimed by the defendants that he had signed a paper, called the release, but that he never offered to return the money while there.

" The defendants asked the judge to instruct the jury that, if they found that on June 19, when the release was signed, the plaintiff was not in a condition to make a contract, still if subsequently, when he was in a sound mental condition, and knowing that it was claimed that he had made a settlement, he accepted the benefits of that contract, by retaining the money and not returning it, and by allowing the defendants to pay the bills, which

they had assumed by the settlement, without objection or intima-
tion that he objected to the settlement, he could not subsequently
deny it, and those acts amounted to an estoppel.

" The plaintiff then offered evidence tending to show that, a
few days before bringing this suit, he tendered to one of the di-
rectors of the defendants the said sum of $200, and offered to
pay back whatever sums the defendants had paid out on his ac-
count, if any, at the same time informing him that it was tho
money received under this claim of settlement ; and that the ten-
der and offer were refused. The defendants objected to the com-
petency of this evidence, but the judge admitted it, in view of
the instructions asked for, as bearing on the acts and conduct of
the party as to the question of his adoption of the settlement.
No objection was made to the offer of evidence being out of its
order.

' The judge then declined to give the instructions prayed for,
but instructed the jury, if they found for the plaintiff, to deduct
from the sum fixed upon by them as the amount of damages for
the injury, the said sum of $200 and interest, and also all ex-
penses which the defendants had paid on his account, which sum,
it was agreed, was the sum of $300 ; and he also instructed them
that the plaintiff, when he became of sound mind, might adopt
the settlement as a valid settlement ; and that if they found that
he did ratify and adopt it, they should find their verdict for the
defendants, instructing them as to what would constitute a ratifi-
cation and adoption, and calling their attention to the evidence
on this point ; which instructions were not excepted to, except
that the judge declined to give the instructions as asked for.

" The jury returned a verdict for the plaintiff for $5802.50,
and the defendants alleged exceptions."

*S. C. Eastman,* for the defendants.

*E. J. Sherman & E. T. Burley,* for the plaintiff.

COLT, J. The defence relied on was the plaintiff's written re-
lease, for good consideration, of all claim on account of injury
received, which was given near the time of the accident. To this
the plaintiff replied that he was not in sound mental condition
when the paper was executed. The defendants rejoined that even

if it was so, the plaintiff had adopted and ratified the settlement. The controversy at the trial was under the issue thus raised. It was a question of the ratification of a voidable contract.

The case finds that the judge told the jury that this contract was one capable of ratification by the plaintiff, when of sound mind, and gave instructions as to what was necessary to constitute a ratification and adoption, which were not excepted to and are not reported. We cannot see upon this statement that there was any error in declining to give the specific instruction asked. So far as that instruction is based upon the evidence disclosed in this record, it fails to embrace the elements necessary to constitute an estoppel. Retaining the consideration paid for the release, and not offering to return it, might be some evidence of ratification; but, without design on the part of the plaintiff that the defendants should act upon such conduct, and followed by no change in the defendants' situation, it falls short of an estoppel. *Turner* v. *Coffin*, 12 Allen, 401. *Andrews* v. *Lyon*, 11 Allen, 349.

That part of the instruction which relates to the effect of allowing the defendants to pay the bills assumed by the settlement without objection, has no evidence to support it, and so far as the case reported shows, was a mere abstract proposition. Upon the whole, the instructions given were correct, and all that the case required, while that which was requested was inaccurate and inapplicable. *Exceptions overruled.*