## MARY S. HALE *vs.* HENRY G. SKINNER.

Bristol.    Oct. 28, 1874. — May 8, 1875.    COLT & AMES, JJ., absent.

One who witnesses a deed to another of a parcel of land, which has already been con-
veyed to him by the same grantor by a deed not recorded, is not thereby es-
topped, as a matter of law, to assert a title under the deed to himself, if the other
person had, at the time of the conveyance to him, actual notice that the earlier
deed was a valid, subsisting deed.

WRIT OF ENTRY to recover land in Mansfield.    Plea, *nul
disseisin.*    Trial in the Superior Court, before *Putnam,* J., who
allowed a bill of exceptions in substance as follows :

It was admitted that the tenant was the owner of one undi-
vided half of the premises.    The other half formerly belonged
to Mary Skinner, who was the mother of the parties, and through
whom they claimed.    The demandant claimed title under a
deed from Mary Skinner, dated October 24, 1870, and re-
corded May 27, 1872.    The tenant claimed title under a deed
from Mary Skinner, dated December 9, 1870, but executed in the
latter part of March, 1871, and acknowledged on April 8, follow-
ing, and recorded May 31, 1871.

The only question submitted to the jury was whether the ten-
ant had actual notice of a valid, subsisting deed at the time he
took his deed.    There were several meetings between the parties
and Mary Skinner before the deed was delivered to the tenant.
The tenant testified that as the demandant, his mother, and him-
self, were about to start for the magistrate's for his mother to ac-
knowledge her deed to him, he said to the demandant, " I suppose
now the other deed should be delivered up to me ; " and she re-
plied, " I have burnt it up," all of which was denied by the de-
mandant.    It was contended by the demandant that the deed of
the tenant was obtained from his mother by threatening to use up
the estate in a lawsuit.    The demandant admitted that the deed
was made for a valuable consideration.

The demandant was the witness to the deed from Mary Skin-
ner to the tenant, and she testified that at the time of signing
her name as witness, she knew the writing she was witnessing
was a deed from her mother to the tenant, and supposed it
conveyed the same premises as were conveyed by the deed of
Mary Skinner to herself.

The tenant asked the court to rule that upon these facts the demandant was estopped as matter of law from claiming title under her deed. The judge declined so to rule as matter of law. The jury found for the demandant; and the tenant alleged exceptions.

*G. Marston & G. E. Williams*, for the tenant.

*E. H. Bennett & H. J. Fuller*, for the demandant.

GRAY, C. J. The case presented by the bill of exceptions does not require us to determine either of the questions, learnedly argued at the bar : whether the doctrine of courts of equity, that a person witnessing or present at the execution of a conveyance of property by another is estopped afterwards to set up title in himself, can be applied to the title to real estate in an action at law; and whether the conduct of the demandant would have been sufficient to constitute such an estoppel, if the tenant had taken a conveyance upon the faith of it, and with no knowledge of the actual state of the title.

The tenant's testimony was contradicted by the demandant's ; and the jury have found that the tenant, at the time of the deed to him, had actual notice of a valid subsisting deed previously executed by his grantor to the plaintiff. Under such circumstances, the authorities are uniform that it could not be ruled as matter of law that the demandant, by the mere fact of having knowingly witnessed the deed to the tenant, was estopped to assert a title under the earlier deed to herself. *Gray* v. *Bartlett*, 20 Pick. 186. *Parker* v. *Barker*, 2 Met. 423. *Page* v. *Wight*, 14 Allen, 182. *Carroll* v. *Manchester & Lawrence Railroad*, 111 Mass. 1. *Odlin* v. *Gove*, 41 N. H. 465. *Hill* v. *Epley*, 31 Penn. St. 331. *Henshaw* v. *Bissell*, 18 Wall. 255, 271. *Ramsden* v. *Dyson*, L. R. 1 H. L. 129. 1 Story Eq. Jur. §§ 385, 386.

*Exceptions overruled.*