THE HAMILTON-BROWN SHOE COMPANY v. ISAAC LYONS ET AL.

No. 671.

**1. Rescission of Sale Procured by Fraud.**—If goods were purchased on credit upon false representations by purchaser as to his financial condition, the seller, upon discovery of the fraud and by exercise of reasonable diligence, may disaffirm the sale and recapture the goods; or if disposed of to one not a bona fide purchaser for value, may reclaim the goods, or hold such purchaser for their value if disposed of by him.

**2. Valuable Consideration.**—A credit upon a pre-existing debt, or the destruction of the evidence of such debt, can not constitute a valuable consideration so as to protect a purchaser without notice.

3. **Same.**—Nor is it a valuable consideration for the purchaser to assume to pay debts of the fraudulent buyer, in selling the goods, if such payment, by the terms of the contract, is to be made out of accounts sold with the goods.

4. **Same.**—A bona fide purchaser may be defined as one who advances a new consideration, surrenders some security, or does some other act which leaves him in a worse position if his purchase should be set aside.

APPEAL from McLennan.    Tried below before Hon. L. W. GOODRICH.

*Herring & Kelley*, for appellant.—1.  Appellant had the right to rescind the sale and retake the goods or their proceeds from Sanger Bros., who took the goods in settlement of a debt.   Morrison v. Adoue, 76 Texas, 261; Bank v. Bamberger, 77 Texas, 48.   The right to rescind adhered in the contract of sale and attached to the property, and appellant had the right to recover the property from any one into whose hands it may have gone.   Oswego v. Lendrum, 57 Iowa, 573; 5 Laws. Rights and Rem., sec. 2360.

2.  Sanger Bros. can not be protected, having taken the goods in settlement of a pre-existing debt.   McKamey v. Thorp, 61 Texas, 653.

At the time appellant made demand on Sanger, he had not paid, but had only, as he says, assumed to pay some of Lyons' home creditors. Actual payment was necessary to protect him before he heard of appellant's demand.   Tillman v. Heller, 78 Texas, 597; Watson v. Melchor, 42 Mich., 477; Beaty v. Whitaker, 23 Texas, 528; Bump on Fraud. Con., 483.

Sanger did not pretend that he gave any negotiable note in settlement of his assumption, and the court will not presume that he did.   Le Page v. Slade, 79 Texas, 478.

The surrounding circumstances affect Sanger Bros. with notice of Lyons' fraud, and put them on inquiry, so far as their claim of bona fide purchasers, etc., is concerned.   Blum v. Simpson, 66 Texas, 86; Mills v. Howeth, 19 Texas, 257; Dodd v. Gaines, 82 Texas, 429; Ulman v. Crenshaw, 16 S. W. Rep., 1012; Wait on Fraud. Con., sec. 369; Higgins v. Lodge, 68 Md., 229; Richards v. Vaccaro, 67 Miss., 516.

The sale of the whole stock of goods in a lump was out of the usual course of trade, and fraudulent as to appellant.   Gollober v. Martin, 33 Kans., 252; Burbank v. Crooker, 66 Am. Dec., 472.

Sanger Bros. held the goods in trust for appellant, and when they converted the property into money, the money was impressed with the same trust, and they must account for it.   Blair v. Smith, 114 Ind., 114; Bump on Fraud. Con., 2 ed., 589, 590; Wait on Fraud. Con., sec. 385.

Lyons having obtained the goods through fraud, appellant still retained a legal right in them.   Ash v. Putnam, 1 Hill, 302.

Upon rescission of the sale for fraud, it was as though no sale of the

property had ever been made, and the original taking will be regarded as a tortious taking without the consent of appellant, the vendor. Loane v. Lockwood, 115 Ill., 490.

Where the sale is procured through fraud, it is void from the beginning, and no title passes. Shipman v. Seymour, 40 Mich., 283; Dow v. Sanborn, 85 Mass., 181.

3. Sanger Bros. are liable for the proceeds of the goods, in like manner as for the goods themselves. Solinski v. Bank, 85 Tenn., 368; Bish. on Non-Con. Law., sec. 404, note 1. The law requires that if the vendor loses his right to retake the goods, that it shall be in the usual course of events, and not by the combined connivance and confederation of Lyons and Sanger Bros.

*S. L. Samuels* and *Clark, Dyer & Bolinger*, for appellees.—While it is admitted that a mere credit upon or discharge of a pre-existing indebtedness is not sufficient consideration to support a transfer of property as against the equitable rights of third persons in such property, which are superior to the rights of the grantor, yet if the grantee holds notes of the grantor evidencing such indebtedness, and surrenders up and cancels the same as a consideration for the transfer in good faith, he becomes a bona fide purchaser for a valuable consideration, and his rights are superior to those of the vendor of his grantor. Alstin v. Cundiff, 52 Texas, 464; Paddon v. Taylor, 44 N. Y., 374; 8 Am. and Eng. Encycl. of Law 843, par. e.

FISHER, Chief Justice.—This is an action by appellant to recover of appellees the value of certain goods purchased by the appellee Lyons from the appellant. The appellee Lyons, a merchant of Waco, Texas, purchased of the Hamilton-Brown Shoe Company, the appellant, wholesale dealers in St. Louis, a bill of goods amounting in value to $1035.65.

Appellant contends that the goods were sold to Lyons upon the faith and credit of the following statement showing his financial condition:

"Statement made this 6th of August, 1891, to Hamilton-Brown Shoe Company, St. Louis, Missouri, by Isaac Lyons, of the city of Waco, McLennan County, Texas:

" ASSETS.

Cash value of stock in store (insured for $6000) ............. $10,000
Cash value of stock in transit, none.
Amount of accounts and notes considered good.............. 5,000
Cash on hand and in bank................................ 500
Homestead, valued at $4000.

Total assets.. ................................... ... $15,500

"LIABILITIES.

For merchandise on open account not due until December, 1891................................. $5,000

For merchandise on open account past due, none.

For merchandise closed by note not due (included in account due December, 1891), $1500.

Mortgages on houses, none.

Mortgages on merchandise, none.

Exemptions, homestead, $4000.

Judgments, none.

Total liabilities ......................................    5,000

Amount of assets over liabilities......................... $10,500

"Am not liable as endorser or surety.

"The above is a true and accurate statement of my assets and liabilities, which I make for the purpose of obtaining credit from Hamilton-Brown Shoe Company, and the same shall stand good as to all subsequent purchases, unless at the time of such subsequent purchase I shall notify them of any change in my assets or liabilities; and I hereby bind myself to give such notice in case of any material change in my pecuniary condition.

                [Signed]                                    "ISAAC LYONS."

That the statement of his financial condition was false and not true at the time it was made, and was fraudulently and falsely made in order to obtain said goods. Appellant further contends, that Sanger Bros. purchased the goods from Lyons with notice of the fraudulent purchase, and were purchasers without value.

Lyons answered by general demurrer and general denial.

Sanger Bros. answered, that they purchased the goods in good faith in due course of trade for a valuable consideration, without notice of appellant's rights, and that they sold the same in good faith and for a valuable consideration to one Sol Rice, before demand was made on them for the goods by appellant.

The case was tried before the court without the aid of a jury, and it rendered judgment in favor of appellant against Lyons for the amount sued for, and in favor of Sanger Bros.

The court below did not file any conclusions of law or fact, and it is therefore, to some extent, a matter of conjecture as to the reasons that influenced the trial court in rendering judgment. But from the manner in which the case is here presented, and the prominence given to the fact in the record and the briefs of both parties, we think the inference is fair that the court rendered judgment in favor of Sanger Bros. based upon

the theory that under the law and facts of the case they were innocent purchasers of the property for value, without notice of the fraud practiced by Lyons.

There is evidence in support of the fact that Sanger Bros., at the time they purchased from Lyons, did not have notice of any false or fraudulent representations made by Lyons in the purchase of the goods; but we think the evidence falls short of establishing the fact that they were purchasers for value, and upon the contrary, the facts show that they paid nothing of value in the purchase of the goods from Lyons.

If the goods were purchased from the appellant by Lyons by reason of the alleged false pretenses, they, upon the discovery of the fraud and by the exercise of reasonable diligence could disaffirm the contract of sale and recapture the goods; or in case they were disposed of to a subsequent purchaser who does not occupy the attitude of a purchaser for value, reclaim the goods, or hold him liable for their value if disposed of by him.   Under such circumstances, he occupies no better position than the original purchaser, and he is held to the same manner of liability.

The facts show that Sanger Bros. acquired the goods from Lyons in consideration of a pre-existing debt due by Lyons to Sanger Bros., and that at the time of the purchase, and in keeping with an understanding of the parties, the notes executed by Lyons and held by Sanger Bros. as evidences of his indebtedness to them were destroyed and cancelled.   It also appears that at the time of the purchase Lyons turned over to Sanger Bros. about $4000 in notes and accounts, out of which Sanger Bros. agreed to pay about $1500 of other debts due by Lyons to other parties. As evidence showing a valuable consideration, Sanger Bros. relied upon the fact that they destroyed and cancelled the notes executed to them by Lyons, and that they agreed to assume the payment of the $1500 to other creditors of Lyons.

We do not construe the evidence to mean that Sanger Bros., as a part of the consideration of the purchase of the goods, unconditionally assumed the payment of the $1500 to the other creditors, but simply as a promise to pay this amount out of the $4000 in notes that were turned over to them by Lyons for this purpose.

We do not think that the mere fact of the destruction and cancellation of the notes executed by Lyons to Sanger Bros. is the loss of such a right as in law can be the basis upon which to rest a purchase for value.   The well considered cases upon this question hold that the destruction and cancellation of the evidence, of the debt as a fact sufficient to constitute a consideration are all instances in which a lien accompanies the debt, and which is released, or some security or other valuable right is lost or released in addition to the mere destruction of the note.   In this case there is no pretense made that any lien or security accompanies these notes and was released.

A bona fide purchaser may be defined as one who advances a new consideration, surrenders some security, or does some other act which leaves him in a worse position, if his purchase should be set aside.

The doctrine is well settled in this State, that property purchased in consideration of the payment and discharge of a pre-existing debt is not in law esteemed valuable. This upon the theory, that as the creditor pays nothing, consequently he loses nothing by reason of the purchase, and as to his debtor he occupies no worse position than before his purchase.

If Lyons, in discharge of his pre-existing debt to Sanger Bros., sold them this property, and they had turned over to him the notes, it could not be urged, in light of the decisions in this State, that such fact would constitute a consideration. Nor do Sanger Bros. occupy any worse position than if the transaction had been as above illustrated. The fact that the agreement was to surrender the notes or destroy them, places Sanger Bros. in no worse condition than if they had simply surrendered the notes to Lyons upon the purchase of the property. If the notes under such circumstances went into the hands of Lyons, he could have effectually destroyed them, and placed it out of the power of Sanger Bros. to ever recover them, as if Sanger Bros. had themselves destroyed the notes at the time of the purchase. In neither case would the debt be discharged and the debtor released if the title he conveyed should fail, and the inconvenience to the creditors in proving and establishing the execution of the notes and the liability of the debtor would be the same in both instances.

As appears from the facts in the record, we do not think that Sanger Bros. were purchasers for value.

It appears from the evidence that the appellant exercised reasonable diligence to recover the goods after ascertaining the fraud. For the reasons given, the judgment will be reversed and the cause remanded.

The weight of the evidence seems to establish that the representations made by Lyons of his financial condition were false, and that the goods were sold to him upon the faith of that statement. But in view of another trial, we leave these questions open, as well as the issue of notice or participation of Sanger Bros. in the fraudulent purpose of Lyons, if any.

If the goods were sold to Lyons—by sale is meant a completed sale, such as the law requires—before he made the statement, of course the sale to him could not have been upon the faith and belief in the truth of the statement; and if such was the case, it would be a good defense.

In view of another trial, we would suggest that there are no pleadings upon which to base the evidence of witness Lyons, when he testified that the statement was made for the benefit of Orr & Co., and that he was

overreached or imposed upon by being induced to sign it, in its present. condition.

Judgment reversed and cause remanded.

*Reversed and remanded.*

Delivered March 21, 1894.