### JOE P. CLEVENGER v. E. A. BLOUNT.

No. 1988. Decided November 24, 1909.

**1.—Harmless Error—Requested Charge.**

Refusal of a charge submitting an issue is not ground for reversal where the verdict rendered involves a finding against the complaining party on such issue. (P. 30).

**2.—Same—Cutting Timber—Damages.**

Where the verdict against defendant in an action for damages for cutting timber was rendered for the value of same after it was manufactured into lumber by defendant, and was rendered under an instruction which allowed such measure of damages only in case defendant was found to have cut it intentionally and wrongfully, the verdict must have been the same if the issue of whether defendant was misled and plaintiff estopped by representations of plaintiff as to the boundaries of his land had been submitted, and refusal to submit it was not ground for reversal. (P. 30).

**3.—Mistake—Care—Prudent Person—Charge.**

An instruction requiring of a defendant charged with wrongfully cutting timber on the land of another the care which a "prudent person" would have exercised in regard to ascertaining the boundaries of his own and plaintiff's land, meant the same as the care of an "ordinarily prudent person," and defendant, if desiring a more specific charge, should have requested it. (P. 30).

**4.—Estoppel—Pointing out Boundaries.**

One pointing out, by his agent, the boundaries of land sold, is not estopped thereby if the purchaser has the means of readily ascertaining the true facts and fails to exercise them. (Pp. 30, 31).

**5.—Same.**

It seems that the rules of estoppel do not apply to representations as to the boundaries between estates. (P. 31).

**6.—Interrogatories—Taking as Confessed.**

A ruling that interrogatories to a party to the suit were to be taken as confessed by his refusal to answer them, if erroneous, was cured where such party was permitted, without objection, to testify upon all the points inquired about in the interrogatories. (P. 31).

Error to the Court of Civil Appeals, Fourth District, in an appeal from Nacogdoches County.

Blount sued Clevenger and recovered judgment. It was affirmed on appeal by defendant and he obtained writ of error.

*King & Strong, D. M. Short & Sons,* and *Hunt, Meyer & Townes,* for plaintiff in error.—The party to whom the interrogatories are propounded has the right of a reasonable time within which to consult with his attorneys in the judicious exercise of his right to state any matter connected with the case and pertinent to the issues to be tried. If this privilege is denied, his refusal to make answers thereto can not be held to be willful. Wofford v. Farmer, 90 Texas, 651; Bounds v. Little, 75 Texas, 316; Robertson v. Melasky, 84 Texas, 559; Donaldson v. Dobbs, 9 Texas Ct. Rep., 845; Rev. Stats., art. 2296; Smith v. Olsen, 92 Texas, 181; Heinz v. O'Donell, 17 Texas Civ. App., 21.

Before the refusal of a party to a suit to answer ex parte interrogatories propounded to him by his adversary can be taken as confessed, the questions propounded must distinctly embody the fact desired to be proved; and the questions contained in the interrogatories propounded to defendant which were, over his objections, allowed and permitted to be taken as confessed, not being framed so as to distinctly embody any fact, were erroneously admitted as confessed by the defendant. Church v. Waggoner, 78 Texas, 200; Barnard v. Blum, 69 Texas, 608; Jackson v. Munford, 74 Texas, 104.

Appellant had the right, in law, to rely upon the acts and representations of appellee's duly authorized agent in pointing out and designating the timber in question as being upon lands which he was then selling to appellant for appellee, without making further inquiry or investigation as to the true owner of the timber, and if, relying in good faith upon said statements and representation of the agent, believing at the time, because thereof, the timber to be upon lands which he had purchased through the agent from appellee, he would not be liable to appellee at all. Texas & N. O. Ry. Co. v. Jones, 8 Texas Ct. Rep., 924; Messer v. Walton, 15 Texas Ct. Rep., 396; Missouri, K. & T. Ry. Co. v. Starr, 22 Texas Civ. App., 353; Brown v. Polk, 27 Texas Civ. App., 225; Emporia Lumb. Co. v. League, 20 Texas Ct. Rep., 196; Young v. Pine Ridge Lumb. Co., 18 Texas Ct. Rep., 48; 28 Am. & Eng. Ency. Law (2d ed.), 543.

The evidence being undisputed that Jno. S. Doughtie was the agent of appellee to show and designate the lines of the Edwards Reserve, and to consummate the sale of the same to appellant for appellee, his acts, conduct and representations to appellant in showing and designating the land and timber, being within the scope of his agency and employment, were binding upon appellee, and he will be held to be estopped from denying the acts and representation of his said agent in showing and pointing out the land and timber and the boundaries thereof to appellant, and the jury should have been so instructed as requested in appellant's special charges. Gulf, C. & S. F. Ry. Co. v. Pitman, 4 Texas Civ. App., 167; Missouri, K. & T. Ry. Co. v. Murphy, 35 S. W., 67; Kempner v Huddleston, 90

Texas, 182; Collins & Douglas v. Cooper, 65 Texas, 464; Cadenhead v. Rogers & Bro., 16 Texas Ct. Rep., 837; Gulf, C. & S. F. Ry. Co. v. Huyett, 15 Texas Ct. Rep., 502; Missouri, K. & T. Ry. Co. v. Yale, 27 Texas Civ. App., 10.

The evidence showing that appellee, through his agent Doughtie, had, in showing to appellant the Edwards Reserve, which he was buying, designated and represented to appellant the old cutting on the Kirby Survey as the west boundary line of the Edwards Reserve, and that so believing, appellant purchased from appellee the Edwards Reserve, and paid the consideration therefor, believing, as had been represented and pointed out to him, that the same extended to the point to which he afterward cut the timber, appellee should be held to be concluded and estopped from recovering against appellant for any timber which he cut within the lines and boundaries pointed out and designated by appellee through his agent Doughtie. This issue having been plead by appellant and supported by evidence, should, at least, have been submitted to the jury, as requested in appellant's special charges. Love v. Barber, 17 Texas, 312; Hefner & Lockhart v. Downing, 57 Texas, 576; Timon v. Whitehead, 58 Texas, 290; Chapman v. McLemore, 68 Texas, 654; Cornelius v. Burford, 28 Texas, 203; Nichols-Steuart v. Crosby, 87 Texas, 443; New York & T. Land Co. v. Gardner, 11 Texas Civ. App., 404; 11 Am. Eng. Ency. Law (2d ed.), 421 to 429; Guest v. Guest, 74 Texas, 664; Lewis v. Brown, 39 Texas Civ. App., 139; Burleson v. Burleson, 28 Texas, 383; Hughes v. Landrum, 40 Texas Civ. App., 196; Missouri, K. & T. Ry. Co. v. Yale, 27 Texas Civ. App., 10; Guest v. Lubbock, 5 Texas, 545; Perrin v. Perrin, 62 Texas, 477; Herman on Estoppel, pp. 5, 6, 7; Bispham's Equity (4th ed.), secs. 280, 281, 282.

*Blount & Garrison,* for defendant in error.—If error was committed by the court in permitting said interrogatories to be introduced as confessed, said error was rendered harmless for the reason that the court, at the request of plaintiff's counsel, permitted the defendant Clevenger not only to explain his reasons for refusing to answer said interrogatories, but the court permitted said Clevenger to answer said interrogatories upon the trial of the case, and to testify fully about any and all matters desired by his counsel. Galveston, H. & S. A. Ry. Co. v. Powers, 18 Texas Ct. Rep., 915; Scanlon v. Galveston, H. & S. A. Ry. Co., 18 Texas Ct. Rep., 619; Rules Supreme Court, Nos. 24, 25 and 26.

Where one enters upon land not his own and cuts timber and converts it into manufactured articles, knowing or having reasonable grounds to know, through the exercise of care and diligence such as a prudent person would exercise under the same conditions, that such timber belongs to another and not himself, the owner is entitled to recover the market value of the manufactured article. Young v. Pine Ridge Lumber Co., 18 Texas Ct. Rep., 48; Missouri, K. & T. Ry. Co. v. Starr, 22 Texas Civ. App., 353; Boles Woodenware Co. v. United States, 106 U. S., 433; Messer v. Walton, 15 Texas Ct.

Rep., 396; Texas & N. O. Ry. Co. v. Jones, 34 Texas Civ. App., 94; Brown v. Pope, 65 S. W., 442.

Mr. Chief Justice Gaines delivered the opinion of the court.

This action was brought by E. A. Blount against Joe P. Clevenger. to recover damages for the cutting and appropriating of timber upon the land of plaintiff. The plaintiff recovered a judgment for $7,000 —the value of the lumber into which the timber was manufactured.

. Clevenger was a sawmill owner and bought . of Blount 829 acres of land. The defense to the action was that if defendant had cut the timber upon plaintiff's land, which was denied, it was cut under a mistake of fact evidenced by the representation of John S. Doughtie, who acted as agent of the plaintiff in the sale of the land, and who, as alleged, pointed out the land upon which the timber was cut as the land that was to be sold.

The first assignment of error in the application for the writ of error was that the court erred in not instructing the jury that if Doughtie. pointed out the land purchased or to be purchased, and showed the land from which the timber was taken, as a part of that purchased or to be purchased, Blount would be estopped to claim any damage for the timber so cut. The court charged the jury that if they should find that defendant, Clevenger, cut the timber intentionally and wrongfully and could have known by the use of the care which a prudent person would have exercised, in order to ascertain the fact, whether the timber belonged to him or to plaintiff, then they should return a verdict for the plaintiff for the value of the timber as manufactured into lumber by the defendant; but that if they should find that defendant cut and appropriated the timber on the land of plaintiff, after having exercised the care of a prudent person to ascertain that the timber was not on the land of the plaintiff, then they should find for the plaintiff the value of the timber as it stood on the land. The jury found expressly for $7,000, the value of the timber as manufactured into lumber. Thus it is seen, that the jury found that the defendant intentionally and knowingly cut the timber, and that he did not exercise the care a prudent man would have exercised, in order to ascertain that the timber cut by him was not upon the land of the plaintiff. So it appears that if the issue of estoppel had been submitted to the jury, the verdict would necessarily 'have been the same.

These charges are also objected to for the reason that they say "a prudent person" without annexing the qualifying adverb, "ordinarily." But we think that "a prudent person" means an "ordinarily" prudent person and that if defendant wanted a more specific charge he should have asked for it. We do not notice any objection to the charges except those made in the application for the writ.

There is much complaint in the application for the writ of error that the jury were not told that if the agent of the plaintiff pointed out the timber upon the land and made a mistake in so doing and the defendant cut the timber so pointed out, plaintiff would be estopped to claim damages for the timber so cut. But the authorities hold, that if a party has the means of readily ascertaining the

true facts and fails to exercise such means, the other party will not be estopped. (16 Cyc., 738, and cases there cited; Hale v. Skinner, 117 Mass., 474; Park Assn. v. Shartzer, 83 Md., 10; Perkin's Lumber Co. v. Thomas, 117 Ga., 441; Western Land Assn. v. Banks, 80 Minn., 317; Murphy v. Clayton, 113 Cal., 153.)

The defendant, by getting a surveyor and running the lines, could easily have ascertained that the agent was mistaken in his statements and could have ascertained the true facts, and this he failed to do. Besides, it seems that the rules of estoppel do not apply to representations as to the boundaries between estates. (Liverpool Wharf v. Prescott, 7 Allen, 494; Thayer v. Bacon, 3 Allen, 163; Brown v. Boston & W. R. Co., 5 Met., 478.)

It is to be observed, that the witness Doughtie did not admit that he had misrepresented the boundaries of the land. He testified that he showed the defendant the line about which he is claimed to have been mistaken.

It is also assigned that the court erred in permitting the interrogatories to defendant, which had been propounded to him by plaintiff and which he had not answered, to be read and taken as confessed. The interrogatories were propounded by the plaintiff and the notary to whom they were committed issued a notice to the defendant to appear at two o'clock on a certain day, at his office, to take the deposition. The defendant told the notary that he would not answer the interrogatories. As to the question of answering the interrogatories, the defendant Clevenger and the notary both testified. The court held that the interrogatories should be taken as confessed. But counsel for the plaintiff withdrew all objection to Clevenger testifying in his own behalf and he subsequently testified in the case upon all the points inquired about in the interrogatories. We think that if the court erred in taking the interrogatories as confessed, that the error was cured when the defendant was permitted to testify fully as to the matters inquired about, and that no prejudice was done by the court to the defendant in its ruling.

Finding no error in the proceedings which led to the judgment, it is affirmed.

*Affirmed.*