## SHIELD CO., Inc., v. SCHUNDER et al.
### No. 13100.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 15, 1935.

Rehearing Denied March 8, 1935.

Richard Owens, of Fort Worth, for appellant.

Polk & Sansom, of Fort Worth, for appellees.

BROWN, Justice.

Appellant, on November 3, 1932, made a written contract with one L. V. Schunder whereby certain goods, wares, and merchandise owned by appellant were consigned to Schunder for sale, and in which the consignee undertook to hold in trust for the consignor the amount of the invoice price of such goods.

At the time such consignment contract was made, Schunder was operating a certain department in the general department store then operated by Schermerhorn Company, the appellee. The contract between Schunder and appellee seems, from the record, to have been one whereby Schunder was to pay to appellee Schermerhorn Company 10 per cent. of the sales made by Schunder as rent for the use and occupancy of said appellee's premises.

The Schermerhorn Company took all of the cash from Schunder's sales and all of the notes and mortgages given on credit sales, and credited and debited collections. made and goods repossessed or returned.

Appellant brought suit against Schunder, Schermerhorn Company, and one R. T. Nail, alleging that it had the consignment contract aforesaid with Schunder and delivered certain goods, wares, and merchandise to him thereunder, that Schunder was indebted to it for such goods unaccounted for in the sum of $343.20, and that, having demanded payment therefor, Schunder advised appellant that he had turned all of the proceeds of the sales of appellant's goods over to the Schermerhorn Company.

Appellee Nail was sued upon the theory that he had purchased all of the stock of Schunder's goods without complying with the bulk sales statutes of Texas (Vernon's Ann. Civ. St. art. 4001 et seq.).

Appellant prayed for judgment against Schunder and Nail on the debt and against Schermerhorn Company on the theory of conversion.

Appellee Schermerhorn Company defended by alleging that it had no knowledge of the consignment contract; that it extended credit to Schunder on the belief that Schunder owned the goods and had actually purchased them; that appellant had so acted as to lead it to believe Schunder had full authority to dispose of the goods; that it was appellant's duty to advise it of the contract appellant had with Schunder, and the failure to do so has caused Schermerhorn Company great injury; that it would have extended no credit to Schunder had it known of the contract of consignment, and in effect that appellant is estopped from bringing any suit against it; that it was an innocent purchaser for value, having credited Schunder's account with it with the proceeds of the sales made by Schunder. Appellee Schermerhorn Company further prayed for judgment against Schunder and Nail for any sums that appellant might recover against it, because of the rents owing to it and which had been charged off through the Schunder sales.

The case was tried to a jury, and the trial court gave the following instruction: "You are instructed to return your verdict in favor of the plaintiff, The Shield Company, Inc., and against the defendant, L. V. Schunder. You are further instructed to return a verdict that The Shield Company, Inc., take nothing as against the Schermerhorn Company and as against R. T. Nail."

The jury returned the verdict that was evidently prepared by the court, as follows: "We, the jury, return our verdict in favor of the plaintiff, The Shield Company, Inc., and against the defendant, L. V. Schunder, and that the plaintiff, The Shield Company, Inc., recover nothing as against the Schermerhorn Company, Inc., and as against R. T. Nail."

The Shield Company alone has appealed from the insufficiency of the relief granted, wherein the court gave it judgment against Schunder for the amount due, $377.52, same being admitted by Schunder; but denying it the right of any judgment against either Schermerhorn Company or Nail.

■ The trial court having given a peremptory instruction against appellant, all evidence tending to support its alleged right to recover must be taken in the most favorable light for appellant.

■■ ·The contract between appellant and Schunder is one between principal and factor. It is well settled that a pledge or mortgage of property held by a factor, made to secure his individual indebtedness, cannot be enforced against the owner of the goods, even though the pledgee or mortgagee had no notice of the fact that the factor did not in fact own the goods, and took the mortgage or pledge on the faith of his belief that the factor was the owner, unless the actual owner, by some act other than the mere delivery of possession of the property to the factor, had estopped himself from denying the right of the factor to treat the goods as his own. Chase-Hackley Piano Co. v. Clymer (Tex. Civ. App.) 202 S. W. 214, and cases cited.

A contract of consignment is binding upon the creditors of the consignee, unless an estoppel is created.

■ Of course, a purchaser for value will be protected against any claim by the consignor because the consignment contract contemplated that the goods should be sold. In the case of Edwards v. Baldwin Piano Co., 79 Fla. 143, 83 So. 915, the landlord attempted to subject the goods that had been consigned to his tenant to the payment of his rent. He was denied such right as against the consignor.

■■ In the case at bar, appellee Schermerhorn Company, Inc., is no more than the landlord to Schunder, and furthermore was a landlord that occupied the same building in which Schunder plied his trade, and Schunder's business was run as a department of the landlord's general department store.

The evidence brought forward by Schunder and Schermerhorn Company is rather general and somewhat vague and uncertain as to how and when Schunder became indebted to it, and just how or when the cash, received by Schunder from the sales of appellant's goods, was applied to Schunder's debt. But it seems clear to us that the transaction is not one giving rise to a sale and purchase, for value and without notice of the rights of the consignor. Hamilton-Brown Shoe Co. v. Lyons, 6 Tex. Civ. App. 633, 25 S. W. 805.

If appellee Schermerhorn Company can defeat appellant's claim against it for the value of its goods sold by Schunder, the proceeds of which were taken by Schermerhorn Company to apply upon a debt due it by Schunder, it must do so upon the theory of equitable estoppel.

In the case of Clevenger v. Blount, 103 Tex. 27, 122 S. W. 529, 530, Chief Justice Gaines, speaking for our Supreme Court, said: "But the authorities hold that, if a party has the means of readily ascertaining the true facts and fails to exercise such means, the other party will not be estopped."

Our independent investigation has brought to light no case "on all fours" with the case at bar. Here we have the landlord contracting with his tenant so that the tenant operates one of the departments in the landlord's general department store just as if the department were a part of the landlord's mercantile business. The buying public is led to believe that it is buying from the landlord, not from the tenant. Under such circumstances, such a landlord has the means whereby he can ascertain the true facts concerning from whom and under what circumstances and conditions the tenant has received goods exposed for sale.

We do not believe the evidence introduced before the trial court conclusively established equitable estoppel on the part of the consignor. The burden of proof is upon the landlord to establish acts constituting estoppel on the part of the consignor to follow the proceeds of the sale of his goods by the factor.

Schunder has not appealed, neither has Nail, nor has appellant complained of its failure to recover against Nail, and the judg-

ment, in so far as it awards appellant a full recovery against Schunder and denies it a recovery against Nail, is affirmed. The judgment denying appellant any recovery against the Schermerhorn Company is reversed, and the cause is remanded for trial upon the issues between appellant and Schermerhorn Company, and upon the cross-action of Schermerhorn Company against Schunder.

Affirmed in part, and reversed and remanded in part.

### On Motion for Rehearing.

Our attention having been called, upon motion for rehearing, to the fact that there are several pleas over and cross-actions in this cause which were not disposed of because of the action and ruling of the trial court, the motion for rehearing is granted in part, and the former judgment of this court is reformed and judgment here entered reversing and remanding the entire cause in its entirety. In all other respects the motion for rehearing is overruled.