GULF, C. & S. F. RY. CO. et al. v. DAVIS. (No. 6206.)

(Court of Civil Appeals of Texas. Austin. Oct. 27, 1920. Rehearing Denied Dec. 8, 1920.)

1. Carriers ⬿228(1)—In suit for failure to ship mules for sale to government, burden on shipper to show they would pass inspection.

In a shipper's action against a carrier for failure to ship certain mules according to contract wherein special damages were claimed on the ground that the mules had been purchased for sale to the government for war purposes, it was necessary for plaintiff to prove that the live stock was up to the government standard, and would have passed inspection.

2. Carriers ⬿230(1) — Whether live stock shipped for sale to government would have passed inspection held for jury.

In a shipper's action against a carrier for damages arising from the carrier's failure to

ship certain mules according to contract wherein special damages were claimed, based upon a purchase for the purpose of sale to the government for war purposes, the question as to whether the mules would have passed inspection if they had reached destination, *held*, under the evidence, one for the jury.

**3. Evidence ⬳590 — Jury is sole judge of credibility and weight of evidence of interested witnesses although undisputed.**

The jury, being the sole judges of the credibility of witnesses and the weight to be given their testimony, are not bound by the statements of interested witnesses, even though they may be undisputed.

**4. Evidence ⬳568(1) — Jury sole judges of weight of opinion evidence, although undisputed.**

Where a fact is sought to be established by opinion evidence not amounting to the certainty of positive proof, although not disputed by other evidence, the jury are free to give such weight to the same as in their judgment it may be entitled to.

**5. Trial ⬳350(4) — Failure to submit issue partly supported by evidence held error.**

In a shipper's action against carrier for failure to transport live stock wherein special damages were claimed depending on whether such live stock would have passed government inspection at destination, it was error to refuse to give a special charge submitting to the jury the issue as to whether the stock would have passed inspection had it arrived, notwithstanding testimony only raising the question of part of the stock being below government requirements.

**6. Trial ⬳351(2) — Requested special issue held sufficient as basis of error and to preclude implied findings.**

In a shipper's action against a carrier for special damages due to failure to transport certain live stock wherein the issue arose as to whether the live stock would have passed government inspection at destination, a requested special charge to submit such question *held* sufficient to call the court's attention to his failure to submit the issue and to preclude him from making an implied finding thereon.

Jenkins, J., dissenting.

Appeal from District Court, Brown County.

Action by C. N. Davis against the Gulf, Colorado & Santa Fé Railway Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Harrison & Cavin, of Brownwood, Terry, Cavin & Mills, of Galveston, and Lee, Lomax, Wren & Smith, of Ft. Worth, for appellants. Wilkinson & McGaugh, of Brownwood, for appellee.

BRADY, J. The railway companies have appealed from a judgment for damages arising out of certain shipments of horses and mules. As to one of the cars in question, it was a necessary element in plaintiff's case to establish that the animals, if shipped according to contract, would have passed government inspection. Plaintiff had contracted to sell them to one Evans, who purchased them for sale to the government for war purposes, provided they were of the grade and quality required by the government, to be determined by governmental inspection. This sale was made the basis of plaintiff's claim for special damages. The chief requirements of the government inspection related to age, weight, and height, and the animals were required to be sound in limb and to be broken.

The plaintiff sought to prove that the horses and mules were up to government standard by his own testimony and that of several experienced horse and mule men. He testified, in substance, that the live stock in question were fully up to the government's standards and requirements, and that, in his opinion, they would have passed the inspector, and would have been received. He stated, however:

"That the stuff he had in this particular shipment was about the average as to quality and requirements of what had been bought and received by the government inspector."

W. R. Godby, a witness for plaintiff, testified that he saw 23 head of plaintiff's stock, and that, in his opinion as a horse and mule man, generally, they were good stuff for the purpose of meeting the requirements of the government. He did not undertake to state positively as to the age of the animals, nor their weight, and admitted that he was not looking at the stock with a view as to whether they would pass government inspection, and "that nobody could say whether they would or would not pass the government inspection, but they looked like that kind of stuff." He also testified that while he believed practically all of them were from 15 hands up in height, some of them could have been less than 15 hands high; all government mules of this class being required to be at least 15 hands in height.

C. A. White testified for the plaintiff, giving substantially the same opinion as Godby. He admitted, however, that he did not make a close inspection, and that if he had been intending to buy for sale to the government he would have gone over the stock a great deal more closely.

C. V. Evans, also a witness for plaintiff, and with whom plaintiff had contracted for the sale of the animals, testified that he saw about 17 of the mules in question, and that they were of war type, and such as would pass government inspection; that he did not look at them, however, with a view to determine their class. He further stated that these 17 head were the same ones that Mr. Honea bid on; that Mr. Honea measured some of the mules, and found one or two of them short of 15 hands high; that he assist-

ed Honea in measuring them, and that one of them appeared to be lame; that Honea measured all the small mules, and said he had measured them because they were not up to the government standard.

The defendant railway companies offered the testimony of L. G. Honea to the effect that he examined some 15 or 16 of plaintiff's mules, which he was wanting to buy as war mules. He made a bid on them, and inspected them for the purpose of determining whether they were up to government standard, although not a government inspector; that he measured some of the mules, and found 2 of them short of 15 hands in height, and one or two perhaps a little lame; that he did not know whether this was caused from tender hoofs or not; that he did not recall that any of them had any substantial physical defects.

Appellants' first assignment of error complains of the action of the trial court in refusing to give special charge numbered "question No. 7-A," as follows:

"If you have answered No. 7 in the affirmative, then state whether plaintiff's horses, alleged to have been sold for government use, would have passed inspection by the government had they arrived at Brownwood on November 7 or 8, 1917. Answer this question Yes or No."

Special issue No. 7, referred to in this requested instruction, asked the jury to state whether or not the plaintiff had sold to Evans the 29 head of mules and 1 horse in question, provided they would pass inspection and be received by the government. The Chief Justice and the writer are of the opinion that the refusal to give this charge was reversible error, and we will briefly state our reasons.

[1] Plaintiff's case as pleaded was one for special damages, and it was necessary to a recovery that he should prove the live stock was up to the government standards and would have passed inspection. The burden of proof was upon him. We believe we have made a fair statement of the evidence bearing on this point, and it discloses that the fact was sought to be established by opinions of the witnesses. It may be conceded that in the nature of the case such testimony was proper, but it is clear that plaintiff might have offered more definite proof to show that the animals met the government requirements in all respects. Be this as it may, however, it is evident that the testimony did not take the question out of dispute.

[2] Plaintiff was himself an interested witness, and the testimony of his other witnesses was of such character as, in our opinion, to make the whole question one for the jury and not for the court. Treating the special issue requested as one which would have required the jury to determine whether all of the stock met the government standards, and would have passed inspection, we think the testimony fairly raised this issue of fact. Especially is this true when we consider the testimony of Honea, who examined only a little over half the animals, and in that number alone found at least two under height and some of them lame.

[3, 4] It is a rule of law, too well settled to require citation of authority, that the jury, being the sole judges of the credibility of the witnesses and the weight to be given their testimony, are not bound by the statements of interested witnesses, even though they may be undisputed by the testimony of others. It is the peculiar province of the jury to examine such testimony in the light of all the facts and circumstances of the case, and to give such weight to the same as they may consider proper. It is also settled law that where a fact is sought to be established by opinion evidence, not amounting to the certainty of positive proof, although not disputed by other evidence, the jury are free to give such weight to the same as in their judgment it may be entitled to. We think these rules are specially applicable in a case like this, where the evidence is in some respects conflicting, and where the proof in part proceeded from an interested witness and in part from other witnesses, whose opinions seem lacking in positiveness, or where the facts upon which they are based in the judgment of the jury might be inadequate.

[5] We are further of the opinion that, even if Honea's testimony only raised the question of part of the stock being below the government requirements, still, it was error for the trial court to refuse to give the special charge.

[6] Appellants complained of the court's submission of certain of the special issues because of the failure to submit to the jury the question whether the animals would have passed the government inspection. The special charge we are discussing embraced each of the animals in question, and was sufficient to call the court's attention to his failure to submit to the jury a material, if not controlling, question in the case, and precluded the trial court from making an implied finding thereon. Appellants were as much entitled to have the jury pass upon the question whether all the animals or any part thereof would not have passed the government inspection, because not up to the standards and requirements prescribed for war purposes, as any of the other disputed questions submitted to the jury, such as the question whether plaintiff had contracted for the sale of the animals, and at what price, and the market value of the stock, as a basis for estimating special damages. The testimony as to these questions was altogether from plaintiff and his witnesses, and yet they were all submitted to the jury; and we think properly so. Believing that appellants have been deprived of the substantial right of a trial by jury upon a most material issue, which

they fairly tried to protect, we conclude that the cause should be reversed and remanded for another trial.

There are other questions raised in the briefs as to alleged errors of the trial court, which will probably be eliminated on another trial, but which we do not deem it necessary to discuss. It is sufficient to say that as presented we do not think the other assignments show reversible error, and they are therefore overruled.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

JENKINS, J. (dissenting). The lameness of 2 of the mules was shown by the testimony of Honea not to be of such character as to make that fact material to any issue in this case. The only issue is as to height. Appellants do not contend to the contrary.

The form of the special requested instruction is such that the answer of the jury could not have been of benefit to appellants, unless it had been "No"; that is, that none of the animals therein referred to would have passed government inspection. If the evidence was so conclusive on this issue that reasonable minds could not have differed thereon, it was not error for the court to have refused to submit that issue to the jury.

I concede that, as a general rule, opinion evidence is not binding on a jury. This for the reason that the jury, as in all other instances, should weigh such evidence in the light of the whole evidence, including the character of the witnesses, their interest, if any, in the result of the trial, their opportunity to form a correct opinion, the doubt that may arise as to the correctness of such opinion from the very nature of the case, as, for instance, the prognosis by a physician, and the opinion of the jury, in the light of the facts upon which the witnesses base such opinion as tested by the observation or experience of the jury in similar cases. But I do not think there is or should be any hard and fast rule on this subject, as is assumed in the majority opinion to be the law.

When, as in the instant case, the height of mules is shown by the opinion of a number of reputable witnesses of long experience in the business of buying and selling mules, and especially in selling mules to the government, which experience enables them to judge within a fraction of an inch of the height of mules (Godby said within one-tenth of an inch), when they have all looked at the mules with the question of their height in mind, have all expressed the same opinion, and no contrary opinion has been given, and no description of the mules appears in the evidence, from which the jury might have concluded that they had formed a wrong opinion, and when none of the jury ever saw any of the mules, I think the opinions of such witnesses are of such conclusive nature that reasonable men could not differ as to what verdict should be rendered thereon.

If it be said 'that the testimony of Honea shows that these witnesses were mistaken as to 2 of these mules, such testimony, when taken as a whole and viewed in the light of the undisputed facts, does not weaken, but, on the contrary, strengthens, the opinion of the witnesses as to the remainder of the bunch of 15 or 16 that Honea examined. The government requirement was that lead mules should be from 15 hands to 15–3 high. These mules were bought as being in that class; all of the witnesses testified that, in their opinion, they were in that class. If so, some of them would be larger than others. This was the fact as to the bunch that Honea examined. He measured only the smaller mules—those that he had a doubt as to their not being 15 hands high. He had no doubt as to the others. It does not appear how many he measured. He found only 2 that "lacked a fraction of being 15 hands high." If he measured only those 2, it was because, in his opinion, there was no doubt as to any of the others being as much as 15 hands high. If he measured more than 2, he found all of those measured except 2 to be as much as 15 hands high.

But opinion evidence is not all that we have as to the height of these mules. Appellee testified positively as to the height of these mules. True, he was interested in the result of the suit, but this fact does not leave the case resting wholly upon opinion evidence. The honesty of appellee's belief that the mules were from 15 hands to 15–3 high is shown by the fact that he paid his money for them on that belief. It does not appear that he did not measure them. I concede that men may differ "the fraction of an inch" in measuring mules, especially if one is a little more careful than another in making such measurement. Also that this may be true if one measurement is made when the mules are fresh, as they were when appellee bought them, and the other measurement is made when the mules are tired and jaded, as they were when Honea measured them. Such is a fact with reference to the height of men. At any rate, Honea's testimony does not call in question the correctness of appellee's testimony, except as to two of them, but tends strongly to confirm the same.

Again, it will be observed that the requested instruction refers to horses and not to mules. Among the animals mentioned in special issue No. 7, to which the requested issue specifically referred, was one horse. Appellee testified, not as an opinion but as a fact, that this horse was a typical cavalry horse, and met all of the requirements.

Appellants did not request any special issue as to the mules, and therefore waived any error that the court may have committed in the submission of issues as to mules. Not having requested a finding as to the mules, it will be presumed that the court made such

findings as to them as will support the judgment. R. S. art. 1985, and Railway Co. v. Finke, 190 S. W. 1145.

If appellants desired to have the jury pass on the issue raised by Honea's testimony as to 2 of the mules, they should have asked that the jury be required to find how many, if any, of the mules met the government requirement. This they did not do. In view of this fact, and also in view of the findings of the jury upon the issues submitted, which findings are supported by the uncontradicted evidence, except as to 2 of the mules, I do not think this case should be reversed, and appellee be put to the trouble and expense of another trial, without being given an opportunity to remit his damages as to 2 of the mules, especially when it is reasonably certain that the result of another trial would not be more favorable to appellants, except as to the 2 mules, than the judgment here appealed from. Rule 62a. I think appellants' sixth assignment that such remittitur be required should be sustained.

I am further constrained to dissent from the majority opinion herein, for the reason that the refusal of a charge submitting an issue is not reversible error, where the verdict rendered involves a finding against the complaining party on such issue. Clevenger v. Blount, 103 Tex. 27, 122 S. W. 529; Epley v. O'Donnell, 152 S. W. 741; Penn v. Briscoe County, 162 S. W. 916.

The jury must have understood from the pleadings, the evidence, and the issues submitted, as well doubtless from the argument of counsel that appellee was not entitled to any damages, unless at least some of the animals shipped by him would have passed government inspection. The seventh special issue was as to whether appellee had sold the animals in question to Evans, provided said stock were such as would pass inspection by the government's agents, and be received for government use. The eleventh special issue, submitted by the court, was as follows:

"What damage, if any, did plaintiff sustain by reason of the failure of said 29 head of mules and 1 horse to arrive at Brownwood, Tex., in time for said inspection? In this connection, you are instructed that the measure of plaintiff's damage, if any, would be the difference between the price C. V. Evans was to pay for said mules and horse and what they were worth on the market at Brownwood at the time of their arrival there."

To which the jury answered, "$1,400.00."

Even had the requested special issue included the mules as well as the horse, the jury answered the question as to whether *any* of said animals would have passed such inspection by their answer to special issue No. 11. As stated, if appellants desired the jury to answer as to *some* of the mules instead of as to *all* of them, as submitted in its requested charge No. 7a, it should have requested that such issue be submitted to the jury.

For the reason stated, I dissent from the majority opinion herein.