GUINN v. COATES.

No. 1210.

Court of Civil Appeals of Texas. Eastland.

Jan. 5, 1934.

W. E. Lessing, of Abilene, for appellant.

Scarborough & Ely, of Abilene, for appellee.

HICKMAN, Chief Justice.

This case originated in the justice's court, but comes to us on appeal from the county court, where same was tried de novo. The pleadings were oral, but, from the evidence offered and the issues submitted to the jury, we infer that appellant declared upon a contract whereby appellee agreed to pay him $115 for extracting 15 teeth and for the material furnished and services rendered in making a set of artificial teeth, and, in the alternative, upon a quantum meruit; $15 was sought as attorney's fees. In the county court the case was submitted to the jury upon the following special issues:

"1. From the preponderance of the evidence did the plaintiff and defendant agree upon a price to be paid for the dental work in question? Answer 'Yes' or 'No.' Ans. No.

"2. If you answer Question No. 1 in the affirmative, or 'Yes,' then you will answer Special Issue No. 2; otherwise, you need not answer Special Issue No. 2.

"From the preponderance of the evidence, what was the price, if any, agreed upon by plaintiff and defendant for the dental work in question? 'Answer in Dollars and Cents. Ans. ———.

"If you answer Question No. 1 in the negative, or 'No,' then answer Special Issue No. 3; otherwise you need not answer Special Issue No. 3.

"3. From the preponderance of the evidence what was a reasonable charge for the dental work in question? Answer in Dollars and Cents. Ans. $80.00."

Judgment was entered in favor of appellant against appellee for $80 'in accordance with the jury's finding, and this appeal followed.

The brief contains three assignments of error, which will be considered in their order. The first assignment is as follows: "The court erred in submitting to the jury the issue on the question of the reasonable market value of the services performed by the plaintiff for defendant, because the evidence having conclusively shown an implied agreement on the part of the defendant to pay the sum of $115.00 charged by the plaintiff, the issue of reasonable market value becomes immaterial."

Briefly, the facts are as follows: The appellant is a dentist by profession, with a well-established practice in the city of Abilene. His testimony with regard to what transpired between him and appellee was as follows: "I met Mr. Coates sometime in the summer of 1932. Between the time I met him and the time I started to work, he was in my office two or three times to find out how I made teeth. He asked what I would charge him, and I told him that I would charge him one dollar apiece for pulling his teeth and one hundred dollars for making his dentures. On November 18 he came to my office late in the afternoon. Came in and told me that he had fifty dollars he was going to give me to make him a set of teeth. I told him that before I would make him a set of teeth for $50.-00 that I would quit practicing dentistry; that I had a family to support; and that the amount of time I would have to spend, I cannot make a living and educate my children, and that it would take me four or five days to make his teeth. He told me that I was the 'hardest boiled guy' he ever talked to and asked me if I would accept a little bottle of wine from him for fruit cake. I told him I would. I was busy operating on a patient, and I told him that I was busy and would see him later. He started out and I said 'come back.' He said 'no' he could 'not that afternoon. The next afternoon he came into my office, gave me the wine, and told me that he wanted me to examine his mouth and see if I could extract his teeth and make his plates by Christmas. * * * The price of the teeth was discussed on the afternoon of November 18. At that time, I told him that I would not pull the teeth and make the dentures for less than $100.00, the pulling of the teeth being $1.00 each, and the dentures themselves, I would not make for less than $100.-00. Mr. Coates never offered me more than $50.00. I supposed when he came back that he was willing to pay what I had asked, but he never did actually say that he was going to pay me what I had asked. When he left the office that afternoon, I asked him to come back. I always try to be courteous to people who come in my office, and ask them to come back."

Appellee's version of the transaction was as follows: "I did not go to his office for the purpose of having teeth made, merely to see the machine he made them with. He asked

me why didn't I let him make me some, and I told him I did not need them. I finally went to his office and told him I would give him $50.00 to make me some teeth. I told him I did not care for Bakelite dentures with high priced teeth, but only wanted serviceable teeth and dentures made out of the cheapest stuff he had. He said he would charge me $100.00 to pull the teeth I had and make me a new set. I told him that I would not pay $100.00 for a set of teeth, but had $50.00 I would pay, and started to go. As I reached the door, Dr. Guinn said 'all right come back.' I told him 'no' that I was busy then, but would come back the next day. I came back the next day and Dr. Guinn told me to sit down in the chair and he pulled 7 teeth. No, he did not pull fifteen. He pulled seven, and the next day he pulled four. That's all the teeth he pulled, and I went back two or three times for him to treat my gums, and then he made the teeth."

This testimony does not conclusively establish an agreement on the part of appellee to pay appellant $115. There is a conflict between the testimony of the parties as to whether Dr. Guinn's proposition was $100 or $115. The existence of that conflict alone discloses that the assignment is without merit. There is further conflict as to the connection in which Dr. Guinn invited Mr. Coates to come back, and as to whether, in that connection, he said, "All right." That being true, it becomes unnecessary to consider the question of whether the act of the appellee in returning to appellant's office and seating himself in a dental chair evidenced an acceptance of appellant's offer to extract the teeth and make the artificial teeth, or whether appellant's act in performing this service evidenced his intention to accept the counter proposition of appellee. The jury must have decided that there was a mutual misunderstanding of the import of the language used, resulting in a failure of the minds of the parties to meet upon the terms of the contract. Appellee's testimony, if believed, might have warranted a finding that appellant accepted his offer of $50, but as he has filed no cross-assignments, we are not called upon to decide that question. Assignment No. 1 is overruled.

Assignment No. 2 is as follows: "The court erred in overruling this plaintiff's motion to render judgment non obstante veredicto in his favor for the sum of $115.00 and $15.00 additional as attorney's fees because it is clearly shown by the evidence that at the conclusion thereof this plaintiff was entitled to an instructed verdict for such amount."

It is overruled for the reasons assigned for overruling assignments Nos. 1 and 3.

Assignment No. 3 is as follows: "The court erred in overruling the motion of this plaintiff to disregard the answers of the jury on the special issue in which the jury answered that the reasonable market value of the services performed was $80.00 because such answer is unsupported by the evidence, the evidence conclusively showing that the market value of the services of this plaintiff was $115.00, there being entirely no evidence of the record to support a finding of the jury that the value thereof was $80.00."

The only opinion evidence offered as to the reasonable market value of the services performed by appellant for appellee came from appellant and his witnesses. These witnesses were shown to be dentists and qualified to speak upon the subject. None of them placed the value at less than $115. It is, therefore, appellant's contention that the jury's finding of $80 was wholly without support in the evidence. With this contention, we are not in agreement. There was evidence as to the value of the material used and as to the length of time required to perform the services. It is peculiarly within the province of the jury to weigh opinion evidence, and the judgment of experts, even when unanimous and without positive contradiction, will not necessarily be conclusive. To hold otherwise would be to shift the most important function of the jury to expert witnesses. Assignment No. 3 is overruled. Houston Belt & Terminal Ry. Co. v. Vogel (Tex. Civ. App.) 179 S. W. 268; 22 C. J. § 823, p. 728 et seq., and the many authorities there cited.

We have considered each of appellant's assignments of error, and, as none have been sustained, it follows that the judgment of the trial court should be affirmed. It is so ordered.