B. B. SIMMONDS ET AL. v. ST. LOUIS, BROWNSVILLE & MEXICO RAILWAY COMPANY.

No. 6461.   Decided February 26, 1936.
(91 S. W., 2d Series, 332.)

24

*Boone & Raymer, Allen & Davis, Boone, Henderson, Boone & Davis,* all of Corpus Christi, for plaintiffs in error.

The evidence being undisputed that the value of the mule was $190, the trial court correctly disregarded the verdict of the jury as to the amount of damages and the Court of Civil Appeals erred in rendering judgment for the amount of damages found by the jury without any support in the evidence. Grand Fraternity v. Melton, 102 Texas, 399., 117 S. W., 788; Trinity Gravel Co. v. Cranke, 282 S. W., 798; Clarendon Land & Agency Co. v. McClelland, 31 S. W., 1088; Id., 34 S. W., 98.

*John C. North* and *R. B. King,* both of Corpus Christi, for defendants in error.

It was error for the trial court to enter judgment, over the objection of defendant, by setting aside the answer of the jury and rendering judgment in the sum asked for by plaintiffs. Panhandle & S. F. Ry. Co. v. Shell, 265 S. W., 759; Cooper v. City of Dallas, 83 Texas, 239, 18 S. W., 565; 8 Tex. Jur., 357; Chicago, R. I. & G. Ry. Co. v. Young, 107 S. W., 127.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Plaintiffs in error sued defendant in error in justice court for $190.00 as the value of a mule that died from injuries received while being transported from Fort Worth to Driscoll, Texas. The case was appealed and tried before a jury in county court, where the jury, in answer to special issues, found facts sufficient to impose liability upon defendant in error and fixed the damages for the loss of the mule at $97.50. The county court, however, in response to motion of plaintiffs in error, disregarded the jury's answer as to the amount of damages and rendered judgment for plaintiffs in error for $190.00, together with interest thereon from March 30, 1924. The

Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for plaintiffs in error for $97.50 with interest at 6% from the date of the trial court's judgment. 50 S. W. (2d) 343.

■ The Supreme Court has jurisdiction because the case involves the construction of a statute necessary to a determination of the case, namely, Article 2211, Revised Civil Statutes of 1925, as amended by Chapter 77, Acts Regular Session Forty-second Legislature (1931), p. 119. The amendment added to Article 2211 the following sentence: "Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, *and provided further that the court may upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence*" (Our italics). Plaintiffs in error contended that the trial court was by this statute authorized to disregard the jury's finding of damages in the amount of $97.50 as having no support in the evidence, because the only evidence as to the value of the mule. was the uncontradicted testimony of one of plaintiffs in error that the value was $190.00.

It was true that there was no other evidence bearing upon the value of the mule than the testimony of plaintiff in error Perry. It was very meager. He testified that he had handled stock all of his life, that he knew of some mules sold at Robstown where the market was practically the same as at Driscoll, that the market value of a mule in sound condition at the time the mule was delivered and at the time it died was around $190.00, that mules were pretty high at that time, and that the value of the mule at the time it died and at the time it was delivered was $190.00. Neither this witness nor any other gave any further description of the mule than that it was "a gray horse mule" and was in good condition when shipped.

■ It becomes unnecessary to consider whether the amendment to Article 2211 is constitutional or to discuss in detail its purpose or proper construction, because it is not reasonably to be construed as intended to authorize the trial court to assume the truthfulness of the unsupported testimony of a party to a suit, and thus to deprive the jury of its duty and right to pass upon the credibility of the testimony of an interested witness, or as intended to give conclusive effect to opinion evidence instead of leaving its weight to be determined by the jury from other evidence adduced or by their sound judgment.

The testimony as to the value of the mule which the trial court substituted for the jury's findings was not only the unsupported testimony of one of the plaintiffs, but it was also merely his opinion as to the value of his own property. The jury found the mule to be worth about one-half of what the owner, according to his testimony, believed the value to be. In our opinion it cannot be said that the jury's finding of such value was wholly without evidence to support it, for in making their finding the jury must have been influenced, and properly so, not only by the plaintiff's testimony, but also by his interest in the suit and its favorable result, and by their own experience, common sense and judgment.

The amendment was intended to simplify procedure by permitting the trial court to disregard the finding of the jury on an issue which should not have been submitted at all because of want of evidence sufficient to raise the issue or warrant its submission. But testimony coming from a party to the suit ordinarily raises an issue, the issue of the credibility of the testimony, and when the testimony of the interested party is further weakened by the fact that it is merely his opinion, then so much the more apparent is it that its truthfulness is not to be assumed, but should be tested by the jury.

As to the testimony of interested witnesses, the general rule is that, while the jury has no right arbitrarily to disregard the positive testimony of unimpeached and uncontradicted witnesses, the mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury. Stated in another form, the rule is that the uncontradicted, uncorroborated testimony of a party to a suit will not authorize or support an instructed verdict. Sonnenthiel v. Christian Moerlein Brewing Company, 172 U. S. 401, 43 L. Ed. 492, 495; Mills v. Mills (Com. App.), 228 S. W., 919; Burleson v. Tinnin, 100 S. W., 350 (application for writ of error refused); Gulf, C. & S. F. Ry. Co. v. Davis, 225 S. W., 773, 775; King & King v. Porter, 256 S. W., 627; Himes v. Himes, 55 S. W. (2d) 181; 17 Tex. Jur., pp. 926-927, Sec. 418.

Similarly, it is settled by the authorities that the jury in determining facts is not bound by the opinions of witnesses. In Gulf C. & S. F. Ry. Co. v. Davis, 225 S. W., 773, 775, the court said: "It is also settled law that where a fact is sought to be established by opinion evidence not amounting to the certainty of positive proof, although undisputed by other evi-

dence, the jury are free to give such weight to the same *as in their judgment* it may be entitled to" (Our italics). The court further said that the rule was especially applicable because the proof made in the case proceeded in part from interested witnesses. In Gulf, C. & S. F. Ry. Co v. Dunman, 85 Texas, 176, 19 S. W., 1073, it is held that the opinion of a witness as to value is admitted only as opinion, and that the jury is entitled to determine how much weight should be given to it in view of the other evidence adduced. The text of Corpus Juris, under the title "Weight of Opinion" contains the following: "The judgments of experts or the inferences of skilled witnesses, even when unanimous and uncontroverted, are not necessarily conclusive on the jury, but may be disregarded by it or by the court trying an issue of fact, unless the subject is one for experts or skilled witnesses alone, and the jury cannot properly be assumed to have, or be able to form, correct opinions of their own, under which circumstances the unanimous evidence of properly qualified witnesses has been regarded by some courts as conclusive." 22 C. J., pp. 729-730, Sec. 823.

In Guinn v. Coates, 67 S. W. (2d) 621, the jury found in answer to a special issue that the value of the services of the plaintiff, a dentist, in making a set of teeth was $80.00. None of the several dentists who testified placed the value at less than $115.00, and plaintiff filed his motion that the court disregard the jury's finding and render judgment for $115.00, making the contention that the finding was wholly without evidence to support it. In expressing the opinion of the Court of Civil Appeals that the trial court did not err in overruling the motion, Chief Justice Hickman said:

"There was evidence as to the value of the material used and as to the length of time required to perform the services. It is peculiarly within the province of the jury to weight opinion evidence, and the judgment of experts, even when unanimous and without positive contradiction, will not necessarily be conclusive. To hold otherwise would be to shift the most important function of the jury to expert witnesses."

In Houston Belt & Terminal Ry. Co. v. Vogel, 179 S. W., 268, (application for writ of error refused) the jury found the value of plaintiff's property before defendant's tracks were built in front of it to be $10,000.00, and its value after the tracks were built to be $5250.00. A number of witnesses testified to the values, but none of them agreed and the jury's answers did not conform to the testimony of any of the wit-

nesses. The court in sustaining the verdict against the attack that it was reached without regard to the testimony said:

"It was a matter peculiarly within the province of the jury to weigh the testimony, judge the credibility of the witnesses, and to reach a conclusion supported by testimony to which they gave credence, or a conclusion reached by blending all the evidence admitted before them, *aided by their own experience and knowledge of the subject of inquiry.* * * * They were not concluded by the opinion of experts, *but in weighing the testimony they had a right to apply their own experience and knowledge, and to deduce therefrom the truth as they believed it.*" (Our italics).

The inconclusiveness of experts, or opinion, evidence is exemplified by Southland Life Insurance Company v. Norton (Com. App.), 5 S. W. (2d) 767, where it was held that the Court of Civil Appeals, in determining whether remittitur should be required on account of excessiveness of a verdict and judgment allowing the plaintiff an attorney's fee, was not bound either by the verdict or by the testimony of lawyers as to the reasonableness of the fee, but that the Court of Civil Appeals had the right "to look to the entire record in the case before them, and to view the matter in the light of the testimony, the record before them, the amount in controversy, *and their own common knowledge and experience as lawyers and judges.*" (Our italics)

The value of services of attorneys was involved in Head v. Hargrave, 105 U. S., 45, 26 L. Ed. 1028. A number of attorneys gave their opinions, no two agreeing. It was held that the trial court was in error in instructing the jury that they must determine the value of the services rendered from the evidence offered and not from their own knowledge or ideas of the value of such services, because the jury were thereby prohibited from exercising their judgment by the application of their own knowledge and experience to the proof made. Justice Field, in writing the opinion, said:

"So far from laying aside their own general knowledge and ideas, the jury should have applied that knowledge and those ideas to the matters of fact in evidence in determining the weight to be given to the opinions expressed; and it was only in that way that they could arrive at a just conclusion. While they cannot act in any case upon particular facts material to its disposition resting in their private knowledge, but should be governed by the evidence adduced, *they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of in-*

*quiry.* \* \* \* The judgment of witnesses, as a matter of law, is in no case, to be substituted for that of the jurors."

■ From the authorities above discussed and quoted, we conclude that juries in weighing opinion testimony and reaching their verdicts, when all or most of the evidence on the particular issue is of such character, may, and, as Justice Field said, must to act intelligently, give effect to the testimony by applying to it, and considering it in the light of, their own general knowledge and experience in the subject of inquiry.

There was in this case no evidence as to the size, age, disposition or other characteristics of the mule to aid the jury. Their problem was simply to find the value of an ordinary gray mule. They had the plaintiff's opinion of the value, but his judgment is not to be substituted for theirs. The subject is not one for experts, but is one about which a jury may be assumed to have, or be able to form, correct opinions of their own. In such cases, while they are not bound by it, the jury may not disregard the plaintiff's opinion, but in valuing that opinion and in arriving at their verdict, they have also for guidance, and should be influenced by, the plaintiff's interest in the result of the suit and their own common sense, experience and knowledge of the subject. This being true, the jury's finding as to the amount of the damages was not without evidence to support it, and the trial court was not authorized by the amended statute to disregard the finding and substitute for it the opinion of one of the plaintiffs.

■ Plaintiffs in error are entitled to interest on the value of the mule from the time of its death rather than from the date of the judgment of the trial court. Watkins v. Junker, 90 Texas, 584, 40 S. W., 11; Ewing, Ind. Ex. v. Wm. L. Foley, Inc., 115 Texas, 222, 280 S. W., 499. The record indicates that the jury by their verdict found the value of the mule without undertaking to add interest. The statement of the oral pleadings contains no prayer for interest, but it is very informal, consisting of a general statement of the facts relied upon for liability and an allegation as to the value of the mule at the point of delivery, with no prayer whatever. There was, however, in the motion for judgment filed by plaintiffs in error in the trial court, a prayer for judgment for the value of the mule with interest thereon from March 30, 1924. It is reasonably implied from the informal statement of the oral pleadings that the plaintiffs sought all such relief as could lawfully be given them after they proved the facts alleged. In view of the

fact that technical rules of pleading do not apply to cases originating in justice courts, this implication and the prayer in the motion for judgment may serve as the basis for the recovery of interest.

The judgment of the Court of Civil Appeals is reformed so as to award to plaintiffs in error judgment against defendant in error for $97.50, with interest thereon at 6% per annum from April 1, 1924, and as reformed, is affirmed. Costs in the trial court and in the Supreme Court are taxed against defendant in error and costs in the Court of Civil Appeals against plaintiffs in error.

Opinion adopted by the Supreme Court February 26, 1936.