Blankenship-Antilley Implement Company, a corporation, sued Octane Oil Refining Company, a corporation, Baird Refining Company, a corporation, and R. O. Anderson and Nat Anderson, alleged to be operating as New Deal Marketing Company, for labor done and materials and parts furnished by plaintiff in the repair of a truck. Plaintiff alleged that the labor was performed and the parts furnished "at the instance and request of defendants" and that "said repairs were contracted for by defendants"; that at the time the work was done Octane Oil Refining Company and Baird Refining Company were the owners of said truck and had plaintiff make such repairs through their agents and employees, and thereby said corporations became liable and bound to pay plaintiff the sum of $221.58. In the alternative plaintiff alleged that if the truck did not belong to the Octane Oil Refining Company and Baird Refining *Page 886 
Company, or to one of them, at the time it was repaired, that it belonged to R. O. and Nat Anderson, but that the truck was being used in the furtherance and operation of the business of Octane Oil Refining Company and Baird Refining Company, and that said truck later became the property of said companies, and that said companies knew when they acquired ownership of the truck that plaintiff had a claim and lien against it.
Upon a jury trial the court instructed a verdict for Baird Refining Company and against Octane Oil Refining Company. A default judgment was taken against the Andersons. Judgment was rendered for the amount sued for against Octane Oil Refining Company and the Andersons, but the alleged lien was not foreclosed. Octane Oil Refining Company has appealed.
Appellant presents two propositions. The first is that the court erred in instructing the jury to return a verdict in favor of appellee against appellant for the amount sued for, because the only evidence of the reasonableness of the charges made and the necessity for the labor done and materials furnished came from a stockholder and officer of the appellee, it being contended that such witness was an interested witness and that his uncontradicted testimony only raised a jury question.
An itemized account of labor and material was introduced in evidence by appellee. The items stated therein aggregated the amount sued for. The account was not verified. Appellant states, and it is not disputed by appellee, that the only evidence of the correctness of the charges in the itemized statement appears in the testimony of Mr. Blankenship, an officer and stockholder in the appellee corporation, as follows: "Q. Were these charges that you made for this work and material — were they reasonable and necessary? A. Yes sir."
In Simmonds v. St. Louis, B. M. Ry. Co., 127 Tex. 23,91 S.W.2d 332, 334, the rule is announced: "* * * that the uncontradicted, uncorroborated testimony of a party to a suit will not authorize or support an instructed verdict."
The court further said: "Similarly, it is settled by the authorities that the jury in determining facts is not bound by the opinions of witnesses. In Gulf C. S. F. Ry. Co. v. Davis, (Tex.Civ.App.)225 S.W. 773, 775, the court said: `It is also settled law that where afact is sought to be established by opinion evidence, not amounting to the certainty of positive proof, although not disputed by other evidence, the jury are free to give such weight to the same as in theirjudgment it may be entitled to.'"
In Guinn v. Coates, 67 S.W.2d 621, 623, this court, speaking through its former Chief Justice Hickman, said: "There was evidence as to the value of the material used and as to the length of time required to perform the services. It is peculiarly within the province of the juryto weigh opinion evidence, and the judgment of experts, even when unanimous and without positive contradiction, will not necessarily be conclusive. To hold otherwise would be to shift the most important function of the jury to expert witnesses."
In Thraves v. Hooser, Tex.Com.App., 44 S.W.2d 916, 921, opinion by Justice Sharp, the court said: "It matters not how positive and uncontradicted the testimony of an interested party may be; the question of his credibility must be submitted to the jury."
In McDaniel Bros. v. Wilson, Tex. Civ. App. 45 S.W.2d 293, one of the appellees testified without contradiction that all things required by their architects were necessary. The court held that (page 298) "because of the personal interest of this witness the issue of necessity as to the several items of repairs should have gone to the jury."
In Goodrich v. Pandem Oil Corp., Tex.Com.App., 48 S.W.2d 606, 609, is found this language: "It is true that one of the officers of defendant in error testified positively that in purchasing said oil and gas lease he relied upon plaintiff in error's representation as to the amount of acreage owned by him in said survey. But he was an interested witness. It was therefore within the province of the jury to determine his credibility and the weight to be given to his testimony. Cheatham v. Riddle, 12 Tex. 112; Coats v. Elliott, 23 Tex. 606; Houston, E. W. T. Ry. Co. v. Runnels, 92 Tex. [305], 307, 47 S.W. 971, 972." Also see, Chicago Fire Marine Ins. Co. v. Harkness, Tex. Civ. App.58 S.W.2d 171; Strickler v. Kassner, Tex. Civ. App. 64 S.W.2d 1025; *Page 887 
Transcontinental Ins. Co. v. Frazier, Tex. Civ. App. 60 S.W.2d 268; Roberts v. County of Robertson, Tex. Civ. App. 48 S.W.2d 737, 739.
It is apparent that the testimony in question was opinion evidence, and that the witness, being a stockholder and officer of the appellee corporation, was an interested witness. Therefore, his uncontradicted and uncorroborated testimony as to the reasonableness of the charges and necessity for the repairs made did not establish such facts conclusively, but merely raised an issue for the determination of the jury. We conclude that the court erred in instructing a verdict against appellant for the amount sued for.
Appellee concedes the correctness of the rule stated, but contends the rule is not applicable to the present situation. Appellee says where there are no discrediting circumstances an exception to the rule that the testimony of an interested witness must be passed on by a jury exists. If the existence of such exception be conceded it is not applicable to the instant case. In support of such conclusion we call attention to certain testimony in the case. Several bills bearing different dates and including the labor and material sued for were introduced in evidence. The second bill contained in the itemized statement bears the notation "Sold to: Octane-Baird — Address — Baird, Texas." Another, "Sold To New Deal Oil Company"; another, "Sold to New Deal Mark. Co."; another "Sold to New Deal Mar't. Co."; another, "Sold to New Deal Mak't. Co."; another, "Sold to New Deal." Only one bill introduced shows on its face "Sold to Octane."
Some of the bills give the names of the persons who receipted for the work done and the materials furnished. Such parties were not called as witnesses in an attempt to show that they were representatives of the Octane Oil Refining Company and authorized by it to incur such expenses. There is evidence in the record to the effect that the driver of the repaired truck had a collision on the highway, brought the truck to the plaintiff for repairs, and stated, in effect, that he supposed "they" would want the truck repaired; that he would see about it. There was testimony that Jack Anderson, who worked for R. O. Anderson, a member of the New Deal Marketing Company, brought the truck to the defendant. Nat Anderson testified: "You were supposed, you mean, to report to the Company in case of a collision and get authority covering its repairs? A. Yes, sir."
Mr. Blankenship testified: "Q. Now, Mr. Blankenship, whom did you deal with in making the agreement to repair this truck? In doing this work that is involved in this law suit — these parts and merchandise — which was done in December and January. A. We didn't have any particular agreement with anybody. The driver had it all done in 1935. We never had any. He brought the truck in and we fixed it and mailed the statement down to Baird." (Both defendant corporations had an office at Baird.) He further testified that the truck was registered in the name of New Deal Marketing Company and was transferred by it to the Baird Refining Company. The only witnesses were Mr. Blankenship, an officer and stockholder in appellee company, and Mr. Anderson, a defendant.
We are of the opinion that the reasonableness of the charges made and necessity for the labor done and materials used in the repair of the damaged truck was a question for the decision of the jury, unless, as contended by appellee, such matters were admitted by appellant's counsel.
The unverified itemized statement of the material and labor sued for was offered in evidence by appellee. At this point in the proceeding appellant's attorney said: "I have no objections to plaintiff's exhibit No. 2 as to what is set forth in these statements or as to the repairs that were done. I merely want to object to it in so far as it is billed to the defendants — the ones not represented herein." We do not think such statement by appellant's counsel can be properly construed as an admission that the charges made for labor and material were reasonable and that same were necessary in the repair of the truck. We think it should be construed merely as a statement by counsel that the only objection he was making to the introduction of the itemized account was that the bills contained in the account showed the sales therein recited to be to parties other than appellant. The instrument introduced appeared to be merely a copy of certain bills for labor and material and was without probative value. The act of the court in instructing a verdict for appellee against appellant constituted, for the reasons stated, error requiring the reversal of the judgment. *Page 888 
Appellant's second proposition is to the effect that appellee having sued for the value of repairs upon the truck "and there being no evidence that appellant owned the truck, and no evidence that appellant had contracted with appellee for its repair, the trial court erred in instructing the jury to return a verdict in favor of appellee against appellant." Some of the evidence heretofore recited or quoted is relevant to this proposition. Without further specific reference to the testimony we think it sufficient to say that from a careful consideration of the entire statement of facts we are of the opinion that the evidence certainly does not conclusively establish that appellant contracted with appellee for its repair. Nor do we think any fact is conclusively established showing appellant's liability for the labor done and material furnished in repairing the truck. The most that can be said is that perhaps the evidence raises questions of fact from which a jury might find facts establishing such liability.
"It was reversible error for the court to direct a verdict: `If, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.'" Jackson v. Langford, Tex. Civ. App. 60 S.W.2d 265, 267.
(Italics in the opinion are ours)
The judgment of the trial court is, as to Octane Oil Refining Company reversed and the cause remanded. The judgment in all other respects is undisturbed.
Affirmed in part and reversed and remanded in part.