## STEELE v. CITY OF ANSON.

### No. 2792.

Court of Civil Appeals of Texas.
Eastland.

April 28, 1950.

Scarborough, Yates, Scarborough & Black, Abilene, for appellant.

Smith & Smith, Anson, for appellee.

COLLINGS, Justice.

This is a condemnation suit brought by the City of Anson against J. J. Steele. The City sought to condemn and take for the purpose of widening a highway an irregular strip of land 140 feet long and ranging in width from three feet on one end to twenty-five feet on the other, being a part of a 100 x 140 foot lot located at the intersection of two highways and belonging to appellant Steele. Appellant did not question the right of the City to condemn the strip of land but asked damages in the sum of $1,325 alleged to be the reasonable cash market value of the land and improvements actually taken. Based upon a jury verdict that the strip had no value, judgment was entered vesting the title thereto in the City of Anson and awarding Steele no damages for the land so condemned. From such judgment this appeal is brought.

In several points, appellant complains of the action of the trial court in admitting evidence of the increased value of the remaining land and in permitting the jury to consider such evidence in reaching a verdict and in basing the judgment of the court thereon. In our opinion, appellant's contention is well taken. It is to be noted that appellant did not ask damages for a decrease in value to his remaining land by reason of the taking of the strip in question. On the contrary, he specifically waived all rights to recover such damages. If he had sought damages for an alleged decrease in value to his remaining land, then evidence tending to show benefits to the land other than such benefits as would accrue to the public generally would have been admissible. It would have been admissible, however, for the sole purpose of offsetting damages to the remaining land but not to show the value of that taken. As stated in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 195, 201: "It is of course settled that enhancement in market value of the residue of the land by reason of 'special benefits' is a legitimate offset to damages thereto, but not to the value of the part actually taken."

In other points appellant contends, in effect, that the verdict of the jury and the judgment of the court are contrary

to all the admissible testimony, and that since such testimony is uncontradicted, judgment should be rendered in his favor. The evidence relied upon by appellant is opinion evidence as to the value of the land taken. It is well settled that opinion testimony, even when unanimous and uncontroverted, is not conclusive on a jury unless the subject matter under consideration is one upon which only an expert or skilled witness could be expected to form a correct opinion. Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332; McMath Co. v. Staten, Tex.Civ.App., 42 S.W.2d 649; Gulf, C. & S. F. Ry. Co., et al. v. Davis, Tex.Civ.App., 225 S.W. 773; Houston Belt & Terminal Ry. Co. v. Vogel et ux., Tex.Civ.App., 179 S.W. 268; 32 C. J.S., Evidence, § 567; 17 Tex.Jur. 904, par. 406; Octane Oil Refining Co. v. Blankenship Antilley Implement Co., Tex.Civ.App., 117 S.W.2d 885; Scott v. Gardner et al., 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50. The value of land is not a subject upon which experts alone could be expected to form a correct opinion and the opinion of appellant's witnesses concerning such value was not conclusive on the trial court and jury.

For the reasons stated, the judgment of the trial court is reversed and remanded for another trial.