Henry JOHNSON, Appellant,

v.

EMPLOYERS REINSURANCE CORPORATION, Appellee.

No. 7364.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 21, 1961.

Rehearing Denied Dec. 19, 1961.

H. L. Morgan, Brown, Bates, Brock & Morgan, Houston, for appellant.

R. H. Whilden, C. E. Nadeau, Houston, for appellee.

FANNING, Justice.

This is a workmen's compensation insurance case. Nineteen special issues were submitted to a jury. The first three issues were answered and the other sixteen were not answered.

In response to Special Issue No. 1, the jury found to the effect that plaintiff Johnson sustained an injury on or about April 29, 1958, and in response to Special Issue No. 2, found that such injury was accidental.

However, in response to Special Issue No. 3, the jury found to the effect that such injury was not sustained by Johnson while acting within the course of his employment with Shell Oil Company (his employer).

The trial court granted defendant insurance company's motion for judgment and rendered a take nothing judgment against plaintiff Johnson. Johnson has appealed.

Appellant presents six points on appeal. His first five points raise "no evidence", "insufficient evidence" and "against the overwhelming weight and preponderance of the evidence" points, with respect to the jury's negative answer to Special Issue No. 3.

There are many decisions of our Texas Supreme Court with respect to the consideration of "no evidence", "insufficient evidence" and "against the great weight and preponderance of the evidence" points. For a comprehensive discussion of these matters see an article in the April, 1960 issue of the Texas Law Review (38 Tex.L. Rev. 362) by Justice Calvert of the Texas Supreme Court, entitled " 'No Evidence' and 'Insufficient Evidence' Points of Error".

Plaintiff, who was an employee of Shell Oil Company on April 29, 1958, testified to the effect that on said date at about 3:30 P.M., while working during the course of his employment with his said employer, and while digging a ditch and picking up a shovel full of dirt he felt something "tear loose" in his back, and that he sustained a severe and permanent accidental injury to his back and spine. Plaintiff testified that he told two of his fellow workmen that he was going to First Aid because he had hurt his back. These two fellow workmen did not testify in the case. Plaintiff further testified that he did go to First Aid and told the nurse that he had hurt his back and that the nurse told him not to come to work the next day and to go see his doctor. Plaintiff testified that he left the job that evening and has not been back since. Plaintiff also testified about going to Dr. Brelsford where he was examined and treated, and that at the time of the trial he was still under Dr. Brelsford's treatment and that he had been unable to perform any work since April 30, 1958. Dr. Brelsford also testified in detail as to plaintiff's alleged disabilities and incapacities as well as to his previous back ailments and previous operation for spinal fusion done by Dr. Brelsford prior to plaintiff's alleged injuries.

The witness Marshall Hicks, testifying in plaintiff's behalf testified that (at some time after plaintiff went back to work for Shell after his operation) plaintiff told him one

evening after getting off the bus "I hurt my back today." The witness Hicks asked him "How did you hurt your back?" and the plaintiff replied (according to Hicks) "I was out there digging in a ditch." However, on cross-examination the witness Hicks testified that the alleged accident was *in 1957.*

Appellant also in his brief quotes Defendant's Exhibit No. 26, which is the report of Nurse Conway of a visit on January 19, 1959 with appellant Johnson and relates what Johnson then told her, which statements of Johnson are favorable to his contentions.

The only witnesses placed on the stand by appellant were himself, Dr. Brelsford and Marshall Hicks. Appellant's claim for compensation and several x-ray pictures were also introduced in evidence as exhibits.

Defendant vigorously cross-examined plaintiff about several previous workmen's compensation insurance claims, previous back injuries, several nonoccupational insurance claims, and in particular with reference to a 1957 back claim where Dr. Brelsford performed a spinal fusion and where nonoccupational insurance benefits were paid to Johnson. Defendant also placed a doctor on the stand, three employees of Shell, and also introduced in evidence numerous exhibits. Defendant-appellee vigorously replies to appellant's first five points; in this connection we quote from appellee's brief in part as follows:

"The only description of the accident is plaintiff's testimony and statements. * * * The only evidence that plaintiff went to first aid is his testimony. * * * If he had so reported, it would have been recorded. He testified that the nurse wrote it down. The complete scratch pad records kept by the nurses for the days involved are in evidence. This accident is not reflected. Other accidents are reported, including an almost identical one on May 16, 1957. Plaintiff testi-

fied on cross-examination that he had only one accident while digging a ditch and that there was no accident on May 16, 1957. The first aid records are kept with considerable care and even reflect that at 9:30 a. m. on the day in question plaintiff obtained aspirin. Although plaintiff well knew that for occupational injuries he should go to the company doctor, he went to his personal physician, Dr. Brelsford.

\* \* \* \* \* \*

"It is correct that Dr. Brelsford testified that plaintiff told him he felt a sharp snap in his back but he also testified that plaintiff's present disability would not ordinarily be caused by a sharp snap. * * * Immediately after the accident Johnson completed a nonoccupational disability benefit form which he had used for a cold and for 10½ months for his back. On this form he answered, in his own handwriting, question 5 "spondylolysis acute lumbosacral sprain", but failed to answer the question "If due to accident, state when, where and how it occurred." On the same form Dr. Brelsford answered "no" to the question "Is disability due to injury or illness arising out of plaintiff's employment?", even though, according to his testimony, he had been told of the accident. * * *

" * * * Defendant's Exhibit 26 is quoted in detail. The quoted statement is merely repetition of what plaintiff told Shell's nurse and is not independent evidence.

\* \* \* \* \* \*

"Despite the fact that Johnson knew his fellow employees and the bus driver and passengers, the only evidence of an injury on April 29, 1958, while digging at the Shell refinery are the statements of Johnson on the stand or to Dr. Brelsford or to a Shell Nurse."

(Note—Appellee's various references to the Statement of Facts are omitted.)

■ The jury apparently believed that Johnson had an accidental injury somewhere on April 29th, 1958. However, the jury apparently disbelieved Johnson's sharply questioned testimony *that he received an accidental injury while digging a ditch during the course of his employment with his employer, Shell Oil Company.* It was within the jury's function to disbelieve this portion of Johnson's testimony if it saw fit to do so. Simmonds v. St. Louis B. & M. Ry. Co., Tex.Comm.App., 127 Tex. 23, 91 S. W.2d 332.

■ In order for plaintiff Johnson to recover judgment it was incumbent upon him to prove by a preponderance of the evidence *that the accidental injury in question occurred during the course of his employment with his employer, Shell Oil Company.* The burden was not on the defendant to prove that an injury did not occur while Johnson was digging a ditch for Shell Oil Company on April 29, 1958, nor was it incumbent upon defendant to prove that Johnson's accidental injury (if any) was sustained at some place other than on Shell's premises.

After careful consideration it is our view that appellant's "no evidence" and "insufficient evidence" points should be overruled. Appellant's points 1 to 4, inclusive, are overruled.

■ We have also carefully considered the entire record and have reviewed all of the evidence adduced in the case in the light of the rules announced by the Supreme Court of Texas in the case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, and hold that the jury's answer of "we do not" to Special Issue No. 3, is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Appellant's 5th point is overruled.

■ Appellant by its 6th point contends to the effect that the jury's answers to Special Issues Nos. 1 and 2 are in conflict with the jury's answer to Special Issue No. 3, and under the evidence cannot form the basis for a judgment. It is clearly apparent that these answers are not in conflict. In this connection see Texas and Pacific Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280. Appellant's 6th point is overruled.

Appellee by its 2nd, 3rd and 4th counterpoints contends that there are additional reasons why the judgment of the trial court should be affirmed. We deem it unnecessary to write upon these counter-points since we have already overruled all of appellant's points.

The judgment of the trial court is affirmed.

Affirmed.