Terrell McKay, San Antonio, for appellant.

Tafolla & Tafolla, San Antonio, for appellee.

**Phillip A. STRAUCH, Appellant,**

v.

**William R. BORGMAN, Jr., Appellee.**

**No. 14241.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 26, 1964.

Rehearing Denied March 25, 1964.

MURRAY, Chief Justice.

This suit was instituted by appellant, Phillip A. Strauch, against appellee, William R. Borgman, Jr., for damages to appellant's real property. The damages were caused by the entry of appellee upon the land of appellant and bulldozing down trees, scraping off top soil in places, and destroying grass and firewood already cut by appellant. The trial was to the court without a jury and resulted in judgment in favor of Strauch for the sum of $275.00. Strauch was dissatisfied with the amount of his recovery and prosecuted this appeal.

Appellant has based his appeal upon the following two points:

"*FIRST POINT*: The judgment as rendered does not award damages to Appellant (plaintiff below) in accordance with the law as generally and customarily applied in this State in like cases, considering the testimony in the case.

"SECOND POINT: The judgment as rendered makes no provision for the return to Plaintiff (Appellant here) of the top soil and firewood removed from his property, nor does it provide adequate compensation therefor."

Appellant seems to take the position that he had established, as a matter of law, that the damages to his property amounted to the sum of $1,000.00 by his witness Michael E. Austin, a real estate man, who testified that he was a licensed and bonded real estate broker, licensed by the State of Texas; that he was familiar with the property values in San Antonio and surrounding areas; with the value of property on Blue Ridge Lane; that he had inspected the property of the Plaintiff which formed the basis of this suit; that the east portion of the lot had been bulldozed; trees, top soil and dead timber pushed into several piles; land denuded of top soil in many places; some piles of dirt and timber on plaintiff's land and some on defendant's land. He further testified that the value of the lot owned by plaintiff prior to the bulldozing was $2,000.00; that after such action the value was $1,000.00; that he had actually viewed the property in this area, not only that in controversy, but other property as well, and was thoroughly familiar with property values in that neighborhood. That he was handling two developments in that neighborhood, "OAKHAVEN HEIGHTS and TIMBERLINE PARK." That plaintiff's loss was $1,000.00.

■ With this contention we cannot agree. The evidence of Austin is nothing more than his opinion of the value of the land before and after the bulldozing. There is no evidence as to the number of trees knocked down, or the amount of top soil and grass scraped off. Austin is not shown to have seen the land before it was bulldozed. His testimony is only opinion evidence and does not conclusively establish the amount of damages as a matter of law; it was introduced only to aid the trier of facts at arriving at the amount of damages. State v. Haire, Tex.Civ.App., 334 S.W.2d 488.

In 24 Tex.Jur.2d, p. 42, § 549, it is stated:

"Opinion testimony does not establish any material fact as a matter of law. It is not conclusive, but merely raises an issue of fact to be submitted to the jury, who, in determining the facts, are not bound by the opinions of the witnesses."

In Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943, 945, it is said:

"The opinion testimony of experts, although persuasive, under most circumstances is not conclusive. It is peculiarly within the province of the jury to weigh opinion evidence, taking into consideration the intelligence, learning, and experience of the witness and the degree of attention which he gave the matter. The judgments and inferences of experts or skilled witnesses, even when uncontroverted, are not necessarily conclusive on the jury or the trier of facts, unless the subject is one for experts or skilled witnesses alone where the jury or the court cannot properly be assumed to have, or be able to form, correct opinions of their own based upon the evidence as a whole and aided by their own experience and knowledge of the subject of inquiry. 22 C.J. 728, § 823; 32 C.J.S. Evidence § 567; Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332; Houston Belt & Terminal Ry. Co. v. Vogel, Tex.Civ.App., 179 S. W. 268; Guinn v. Coates, Tex.Civ. App., 67 S.W.2d 621."

There is no contention here that the judgment rendered is not supported by some evidence, or that it is so against the great weight and preponderance of the evidence as to be clearly wrong.

■ Appellant's second point in effect contends that the judgment does not compensate him for the loss of top soil and firewood. We overrule this point. Certainly, the loss of top soil would be included in the damages to his land, and if the firewood is to be regarded as personal property there is nothing to show the amount of such firewood or the value thereof.

The judgment is affirmed.