The **RELIABLE INSURANCE COMPANY, Appellant,**

v.

**Percy REAVES, Appellee.**

No. 7962.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 14, 1969.

Dale Edwards, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

Harry Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

FANNING, Justice.

Plaintiff-appellee brought suit against defendant-appellant insurance company

seeking recovery of $500.00 under the "specific dismemberment" provision of an industrial accident policy issued by appellant to appellee, and also sought penalty, interest and attorney's fee. Trial was to be by a jury, but at the close of the testimony, the court withdrew the case from the jury and instructed a verdict for plaintiff-appellee.

Appellee had sued for "specific dismemberment benefits" under said policy. Appellee alleged and testified that his right leg was amputated near the knee in 1966.

Appellant's defense to the suit was based upon its position that a frostbite suffered by appellee in 1963, prior to the issuance of the policy in 1965, led to and caused the amputation forming the basis of the suit. In this connection defendant-appellant specifically pled in defense that the policy exclusion of "losses due to an infirmity existing at the date of this policy" precluded recovery, with defendant-appellant pleading to the effect that plaintiff-appellee suffered frostbite to his right foot in 1963 which led to an impediment of circulation in that leg (arteriosclerotic vascular disease) which condition gradually deteriorated until it necessitated the amputation of plaintiff's leg in 1966 at the Veteran's Hospital in Shreveport where appellee had been undergoing treatment for said condition.

The trial court overruled defendant-appellant's motion for judgment and entered judgment for appellee for $167.00, with penalty, interest and an attorney's fee. Defendant-appellant's motion for new trial was overruled and it has appealed.

Appellant presents six points on appeal. The last three points are in the alternative. Said points are quoted below.[1]

Rule 94, Texas Rules of Civil Procedure, reads in part as follows:

"* * * Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability; *provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists.* (Emphasis added)

[1]. "POINTS OF ERROR.

Point of Error No. 1. The trial court erred in placing the burden of proof regarding a specifically plead policy exclusion upon appellant when well settled authority places upon the plaintiff (appellee) the burden of negativing that exclusion by competent evidence.

"Point of Error No. 2. The trial court erred in refusing to enter judgment for appellant because appellee had the burden of negativing appellant's specially pled defense of the exclusion of 'losses due to infirmities existing at the policy date' and appellee offered no evidence as to the cause of the loss forming the basis of this suit.

"Point of Error No. 3. The trial court erred in refusing to enter judgment for appellant on its defense of the policy exclusion of 'losses due to infirmities existing at the policy date' because appellee introduced no evidence whatsoever negativing the defensive allegation that the loss was caused by a pre-existing arteriosclerotic vascular disease.

"(Alternative Points of Error)

"Point of Error No. 4. The trial court erred in instructing a verdict for appellee when appellee's failure to produce necessary evidence entitled appellant, not appellee, to judgment.

"Point of Error No. 5. The trial court erred in instructing a verdict for plaintiff based solely on 'interested testimony'.

"Point of Error No. 6. The trial court erred in refusing appellant a new trial because the court had instructed a verdict for appellee when at best appellee had only produced evidence to raise a fact issue for the jury regarding the policy exclusion of 'losses due to infirmities existing at the policy date.'"

**442**

Appellant insurance company in this case pled a specific exclusion which was set forth in the policy and thus raised an issue of contract coverage. The burden of producing evidence to demonstrate that his loss was not attributable to the pleaded exclusion rested upon the plaintiff-appellee in this case. In this connection see the following authorities: Sherman v. Provident American Insurance Company, 421 S.W.2d 652 (Tex.Sup.1967); Hardware Dealers Mut. Ins. Co. v. Berglund, 393 S.W.2d 309 (Tex.Sup.1965); Shaver v. National Title & Abstract Co., 361 S.W.2d 867 (Tex. Sup.1962); T.I.M.E., Inc. v. Maryland Casualty Co., 157 Tex. 121, 300 S.W.2d 68 (1957).

The statement of facts is brief. It was stipulated that the policy in question was issued and that it was paid up to date and at the time of amputation. The amount of reasonable attorney's fees was also stipulated. The policy in question was introduced in evidence by plaintiff and defendant introduced in evidence the application for insurance.

The only witnesses testifying in support of plaintiff's claim and suit were himself and Mr. Rehkopf, a store owner, who had occasion to see plaintiff at intervals when he purchased groceries in his store. Each of these witnesses was cross-examined by defendant's attorney.

After plaintiff rested and defendant rested, the defendant attempted to get the case re-opened to introduce a portion of the deposition testimony of plaintiff Reaves, which motion was overruled by the trial court. The defendant also attempted to introduce in evidence the written statement of Dr. Lacey with respect to the amputation of plaintiff's leg, but on objection, the trial court did not admit such proffered statement. Appellant did not offer any other evidence.

The testimony of Mr. Rehkopf, the storekeeper, who saw plaintiff at various intervals, has been examined, and we find that it is entirely too meagre to authorize an instructed verdict for plaintiff.

The testimony of plaintiff has been carefully considered, and it is our view that while it raises a fact issue for a jury to determine with respect to defendant's above referred to pleaded defense, yet it is not so conclusive as to warrant the instructed verdict given by the trial judge. The testimony in question is not too positive, clear and satisfactory and is not free from inconsistencies with respect to said above referred to question, and furthermore, the plaintiff was an interested witness.

The fact that a witness is interested in the result of a suit is generally sufficient to require the credibility of his testimony to be submitted to the jury. Generally (with some exceptions, none of which appear in this case), the uncontradicted testimony of a party to a suit will not support an instructed verdict. Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80 (1940); Scott v. Gardner et al., 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50 (1941); Simmonds et al. v. St. Louis B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332 (1936).

It is our conclusion that the evidence of plaintiff Reaves and the witness Rehkopf does no more than raise an issue of fact with reference to the pleaded exclusion defense of defendant-appellant, and that under the record the trial court erred in granting the instructed verdict.

It is our further view that this cause was tried on the wrong theory as to burden of proof with respect to defendant's pleaded exclusion defense, and that in the interests of justice the cause should be reversed and remanded for fuller development in a new trial.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.