## HUDSON et al. v. HUDSON.

### No. 3053.

Court of Civil Appeals of Texas.

Eastland.

Jan. 22, 1954.

Rehearing Denied Feb. 26, 1954.

Brookreson & Brookreson, J. C. Patterson, Benjamin, Allen D. Dabney, Eastland, for appellants.

R. J. Balch, Seymour, Joe Reeder, Jr., Knox City, T. W. Templeton, Benjamin, Mack & Mack, Ft. Worth, for appellee.

COLLINGS, Justice.

This is a suit in trespass to try title to an 86 acre tract of land in Knox County, Texas. The action was brought by J. G. Hudson against Alvis A. Bryan and the unknown heirs of C. C. White et al. The plaintiff Hudson's claim to the land was based upon the ten year statute of limitations, Vernon's Ann.Civ.St. art. 5510. G. H. Hudson, brother of plaintiff, filed a plea of intervention in which he also claimed title to the land under the ten year statute of limitations. Defendant Alvis A. Bryan filed an answer claiming a chain of title to the land and plead the three year statute of limitations. Vernon's Ann.Civ.St. art. 5507. He alleged that during the more than three years that he

held the property he had used same for grazing purposes, "having sub-let the same to G. H. Hudson." Answers were also filed by some of the defendant heirs and the court appointed an attorney ad litem and guardian ad litem who filed an answer for the remaining defendants cited by publication.

Upon trial before a jury, it was found that plaintiff J. G. Hudson did not enclose the land with a substantial fence and use and claim it "peacefully and adversely to the world" for any period of ten consecutive years prior to the institution of suit. The jury found further that intervenor G. H. Hudson did have a substantial fence of posts and wire around the land, claiming it peacefully and adversely to the world for a continuous and uninterrupted period of more than ten years prior to his intervention in this cause; that intervenor G. H. Hudson's use and enjoyment of the land was not by permission and consent of the plaintiff J. G. Hudson; that G. H. Hudson did not have notice of the claim of defendant Alvis A. Bryan prior to the filing of this suit nor did he enter into a written lease agreement with Alvis A. Bryan. Based upon the findings of the jury, judgment was entered in favor of the intervenor G. H. Hudson for title and possession of the land. Plaintiff J. G. Hudson and defendant Alvis A. Bryan have brought this appeal.

■ Appellant J. G. Hudson testified and there was other evidence to the effect that he entered into possession of the land in 1923. J. G. Hudson further testified that he enclosed it with a substantial fence and used and claimed it as his own for a period of ten consecutive years after that date. Appellant, however, was an interested witness and his testimony of possession of the land under an adverse claim of ownership was not conclusive even if it had been uncontradicted. 2 Tex.Jur. page 127; Simmonds v. St. Louis, Brownsville & Mexico Railway Company, 127 Tex. 23, 91 S.W.2d 332. It also appears that such testimony was contradicted by the testimony of the witness G. H. Hudson to the effect that his father was in possession of the land as far back as he could remember until his death in 1938. Appellant J. G. Hudson's claim to the land was based upon the ten year statute of limitations. The jury finding that appellant had not been in peaceable and adverse possession of the land during the ten year period following January 1, 1923 was supported by evidence.

■ The contention of appellant J. G. Hudson that the court erred in not sustaining his motion for an instructed verdict on the ground that the evidence shows conclusively that intervenor G. H. Hudson entered the land in controversy by permission of appellant, which was never revoked, likewise cannot be sustained. There was ample evidence that the possession of the intervenor was not subject to appellant's consent. Appellee G. H. Hudson testified that he went into possession of the land in 1938 under his own claim of right and claimed the land as his own at all times thereafter; that he and his brother, J. G. Hudson, never had an understanding that appellee's possession was based upon the consent or permission of his brother, J. G. Hudson, and that his brother had nothing to do with his possession; that he did not pay rent to any person or individual during the period in question. This testimony was inconsistent with and contrary to appellant J. G. Hudson's contention that appellee's possession was based upon appellant's consent or permission. The court did not err in refusing appellant's motion for an instructed verdict and, in submitting the case to the jury, and in rendering judgment against J. G. Hudson upon the basis of the jury findings.

As previously noted, the jury found that G. H. Hudson held continuous and uninterrupted peaceable and adverse possession to the land in controversy for more than ten years after the year 1938 and contrary to the pleadings and contentions of Alvis A. Bryan, further found that there was no lease agreement between Bryan and G. H. Hudson. Appellant Bryan urges that the jury finding that there was no such lease contract is unsupported by and contrary

to the undisputed evidence; that G. H. Hudson himself admitted that he had entered into such a lease contract; that the possession of G. H. Hudson was possession as a tenant of Bryan and that the court erred in not finding for appellant Bryan under his plea of three years' limitation.

■ We cannot agree with appellant Bryan's contention. The evidence concerning a contract between Bryan and G. H. Hudson is indefinite and uncertain. There was evidence and the intervenor G. H. Hudson admitted some kind of contract between the parties, but the contract was not introduced in evidence and other than the fact that it was referred to as a lease contract, there is no indication concerning its nature or terms. There was no showing, certainly no conclusive showing, that the contract was in recognition of any title to the land on the part of Alvis A. Bryan or that it concerned or had to do with the land in question.

Appellant Bryan particularly urges that the following testimony of appellee G. H. Hudson amounts to an admission conclusively establishing that he recognized Bryan's title to the land and that his possession was, therefore, not adverse to Bryan:

"Q. Did you recognize Alvis Bryan's rights down there? A. I did in a way.

"Q. Isn't it a fact you told me in the presence of Ben Qualls that you wanted the Preacher to get what he had coming? A. Yes, sir, if he had anything coming. I don't remember.

"Q. If the Preacher would recognize your rights you would recognize his? A. I don't remember it."

■ The case of United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224 (Writ Ref.), in discussing the rule that a party may be precluded from recovery by his own testimony, pointed out that for the rule to apply, it must appear, among other things, that the statement relied upon is clear and positive and

that it is not merely a contradiction of some other portion of the party's testimony. If the above testimony relied upon by appellant is clear and positive, which we doubt, it still amounts to no more than a contradiction to other testimony by appellee G. H. Hudson to the effect that he went into possession of the land in 1938 under his own claim of right and claimed it as his own at all times thereafter. Under the circumstances, the testimony in question was not conclusive against G. H. Hudson's right to recover. Appellant Bryan's points are overruled.

The judgment of the trial court is affirmed.