ₐ

**Mary BROWN, Appellant,**

v.

**Dimple WRIGHT et al., Appellees.**

No. 13913.

Court of Civil Appeals of Texas.

San Antonio.

April 25, 1962.

Rehearing Denied May 16, 1962.

E. P. Lipscomb, San Antonio, for appellant.

Hattie E. Briscoe, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted on May 1, 1961, in the District Court of Bexar County, Texas, by Mary Brown, a feme sole, against Dimple Wright, a feme sole, and Roberta Wright, also a feme sole, seeking to recover in a trespass to try title suit, the title and possession of Lot 4, Block 8, New City Block 2144, within the corporate limits of the City of San Antonio, Bexar County, Texas, the property being also described as 1932 Lyons Street.

The trial was before the court without the intervention of a jury and resulted in judgment for the defendants, and plaintiff, Mary Brown, has prosecuted this appeal.

Appellant, who resided at 1930 Lyons Street, was claiming the premises at 1932 Lyons Street by the ten-year statutes of limitation, Arts. 5510 and 5513, Vernon's Ann.Civ.Stats. Defendants offered in evidence a warranty deed from General Investment Corporation to Dimple and Roberta Wright, dated October 11, 1945, conveying the lot herein involved.

The evidence shows that prior to 1949 appellant, Mary Brown, and appellee Dimple Wright lived as next-door neighbors, the former living at 1930 Lyons Street, and the latter at 1932 of that street. Both residences were on the bank of the Alazan Creek. In 1949 there was a flood and all of the residences lying along the banks of the Alazan Creek were damaged. The residence at 1932 Lyons Street was so badly damaged that Dimple Wright moved away and never returned to occupy the premises. Mary Brown testified that thereafter the house was vacant. Children played in it and transient people often occupied it at night. The authorities told her that she would have to clean up the house. She was afraid of fire, as her house was only six feet from the Wright house. Thereafter she put some kind of fence around both houses and undertook to keep the children and transient people from entering the vacant house. She also cleaned up the house, and in 1958 rendered it for city taxes as her property. There was other testimony along this same line.

The burden of proof was upon Mary Brown to show that she held open, adverse and peaceful possession of the premises for ten years or more. Arts. 5510 and 5513, Vernon's Ann.Civ.Stats. The proof must be clear and satisfactory. Moore v. Wooten, Tex.Com.App., 280 S.W. 742. Appellant was an interested witness, her testimony was not conclusive. Hudson v. Hudson, Tex.Civ.App., 265 S.W.2d 137.

The evidence in this case fails to show such exclusive, adverse, uninterrupted peaceful possession of the property by appellant as to establish title under the ten-year statute of limitation, and even if the evidence had been sufficient to establish these facts, it was not conclusive in its nature, and under all the evidence the trial court did not err in finding, in effect, that Mary Brown had not discharged the burden of establishing title under the ten-year statute of limitation, and in awarding the lot to appellees who held a warranty deed to it.

The judgment is affirmed.