Mercedes G. MALDONADO, Appellant,

v.

Morris G. SPENCER, Appellee.

No. 7976.

Court of Civil Appeals of Texas,
Texarkana.

March 10, 1970.

Craig Penfold, Dallas, for appellant.

John H. Marks, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

FANNING, Justice.

A trespass to try title suit. Plaintiff Mercedes G. Maldonado sued defendant Morris G. Spencer, and sought to establish title to a strip of land approximately 18½ feet long and 50 feet wide. Plaintiff claimed record title to the land in question and alternatively sought to establish title by alleged adverse possession under various limitation statutes, including the 10 year statute of limitation.

Trial was to the court without the aid of a jury, and after hearing the evidence adduced the trial court entered a take nothing judgment against plaintiff and rendered judgment in favor of defendant. The trial court made findings of fact and conclusions of law. Plaintiff-appellant has appealed.

The trial court made the following findings of fact and conclusions of law, to-wit:

"FINDINGS OF FACT

1.

"Plaintiff did not have exclusive, adverse, uninterrupted, peaceful possession of the property in question for a period of twenty-five (25) consecutive years or more preceding January 24, 1969.

2.

"Plaintiff did not have exclusive, adverse, uninterrupted, peaceful possession of the property in question for a period of ten (10) consecutive years or more preceding January 24, 1969.

3.

"Plaintiff did not have exclusive, adverse, uninterrupted, peaceful possession of the property in question for a period of five (5) consecutive years or more preceding January 24, 1969.

4.

"Plaintiff did not have exclusive, adverse, uninterrupted, peaceful possession of the property in question for a period of three (3) consecutive years or more preceding January 24, 1969.

5.

"Defendant, Morris G. Spencer, had no notice of any adverse claim of ownership by Plaintiff to the property in question until May of 1968.

6.

"The description in the deed under which Plaintiff claims title, dated December 31, 1950, being recorded in Vol. 3286, Page 75 of the Deed Records of Dallas County, Texas, does not include any portion of the property claimed herein by Plaintiff.

7.

"The description in Defendant's deed, dated August 13, 1963, being recorded in Vol. 313, Page 0618, Deed Records of Dallas County, Texas, does include all the property claimed by Plaintiff herein.

8.

"That there was never a fence on the premises in question which clearly separated the property of Plaintiff from that of the Defendant until on or about January 24, 1969, when Defendant constructed a fence on the boundary between the lots in question.

"CONCLUSIONS ·OF LAW

1.

"Title to the property in question is not in the Plaintiff.

2.

"Color of title to the property in question is not in the Plaintiff.

3.

"Title and color of title to the property in question is in the Defendant.

4.

"Plaintiff does not have title by limitations under Article 5507, Vernon's Annotated Texas Statutes.

5.

"Plaintiff does not have title by limitations under Article 5509, Vernon's Annotated Texas Statutes.

6.

"Plaintiff does not have title by limitations under Article 5510, Vernon's Annotated Texas Statutes.

7.

"Plaintiff does not have title by limitations under Article 5519, Vernon's Annotated Texas Statutes.

\* \* \*"

This suit involves lot 1, block 960, Cole's Vineyard Addition to the City of Dallas. Plaintiff owns part of it and defendant owns part of it. Common source of title was shown. There is however a dispute with reference to the location of the boundary between the two lots.

Plaintiff-appellant contends that she owns the disputed strip, approximately 18½ feet by 50 feet. Mr. Spencer contends record title is in him to the strip under his warranty deed containing the description as found below,[1] and that plaintiff has neither record title nor title by adverse possession.

1. "All that certain lot, tract or parcel of land lying and being situated in Dallas County, Texas, being the Southwest 125.5 feet of Lot 1 of Block 960 of Cole's Vineyard Addition as recorded in Vol. 12, Pages 322–323, 14th District Court Minutes, Dallas County, Texas, more particularly described as follows: Beginning in the intersection of the Northwesterly line of Laclede Street and the North- easterly line of Worthington Street, and at the South corner of said Lot 1; Thence Northwesterly and with the said Northeasterly line of Worthington Street a distance of 125.5 feet; Thence northeasterly and parallel to the said line of Laclede Street, a distance of 50.0 feet to a point for corner in the Northeasterly line of said Lot 1; Thence Southeasterly and parallel to the said

According to the description in plaintiff's deed and the survey of Pete Montgomery, a witness for defendant, the northeastern boundary of Mr. Spencer's property is north of the garage in question a short distance, placing the garage and strip of land claimed by plaintiff within the boundaries described in defendant's general warranty deed.

Plaintiff's general warranty deed describes her portion of said Lot 1 as found below.[2] We note that this deed itself excludes from the conveyance to plaintiff the entire Southeast 50 x 125½ feet of said Lot No. 1.

The principal evidence (in addition to documentary evidence) relied upon by plaintiff to support an alleged record title is the testimony and survey of Mr. McElya. Mr. McElya's survey was not based upon the general warranty deed of plaintiff, which deed we think, clearly evidenced an intention to exclude from the conveyance the entire Southeastern 125½ feet of Lot 1.

Mr. McElya's survey was based upon an earlier deed in plaintiff's chain of title,

McGlamery to Webb, which deed has distance calls not present in plaintiff's deed, and McElya also measured from the present curb line of Cole Avenue 103½ feet Southeast along Worthington Street to arrive at his conclusion that the boundary line in question was 18.5 feet S.E. of where the line is, according to the description in defendant's deed. Mr. McElya, in arriving at his conclusion, also used the Dallas Plat Records, which shows that at some unspecified time approximately 20 feet by 50 feet were cut off of the property acquired by plaintiff Maldonado for the expansion of Cole Avenue.

Also the McGlamery to Webb deed used by surveyor McElya refers primarily to old street designations, to-wit: "Wolf Street now Cole Avenue", and "Boren Street, now Worthington Street".

Also, the deed from Chavoya and wife to Beneke, in plaintiff's chain of title deletes completely the 103½ feet call (found in prior deeds in plaintiff's chain of title) and changes the street line designations from Wolf and Boren Streets to "Cole Avenue

---

line of Worthington Street, a distance of 125.5 feet to a point for corner in the said Northwesterly line of Laclede Street, and said point being the east corner of Lot 1; Thence Southwesterly and with the said line of Laclede Street, a distance of 50.0 feet to the place of beginning; Being the same property described in Deed to Grantor herein from Gladys Evelyn Seale, a widow, et al, dated August 13, 1963, and duly recorded in Deed Records of Dallas County, Texas."

2. "All that certain lot, tract, or parcel of land situated in the County of Dallas, State of Texas and being: A part of Lot 1 in Block 960 of COLES VINEYARD ADDITION to the City of Dallas, Texas, described as follows: BEGINNING at the point where the Southeast line of Cole Avenue (formerly Wolf Street) as *now situated intersects* the Northeast line of Worthington Street (formerly Boren-Street) as now situated; THENCE in a Southeasterly direction along the Northeast line of Worthington Street to an iron pin at the Southeast corner of a garage, said point being 125½ feet from the intersection of the Northeast line of Worthington Street, with the

Northwest line of Laclede Street (formerly Marilla Street): THENCE from said iron pin in a Northeasterly direction parallel with Laclede Street along a fence and 125½ feet distant from the Northwest line of Laclede Street 50 feet to point for corner in the Northeast line of Lot 1 and the Southwest line of Lot 2 of said Block, which point is 125½ feet distant from the Northwest line of Laclede Street; THENCE in a Northwesterly direction along the dividing line between the said Lots 1 and 2 to point for corner in the Southeast line of Cole Avenue, as now situated; THENCE Southwesterly along the Southeast line of Cole Avenue as now situated, 50 feet more or less, to the place of beginning, and being all of Lot 1 Block 960 of Coles Vineyard Addition to the City of Dallas, LESS AND EXCEPT, 50 x 125½ feet off the entire Southeast end of said Lot 1, heretofore conveyed by C. B. McGlamery et ux to H. J. Howard by deed dated September 18, 1923, recorded in Vol. 1037, Page 373 of the Deed Records of Dallas County, Texas, AND EXCEPT from this conveyance any portion of said Lot 1 situated within the boundary lines of Cole Avenue."

as now situated", and Worthington Street as now situated; this deed also excludes "any portion of lot 1 situated within the boundaries of Cole Avenue"; this description is compatible with the conclusion that it was intended by said Chavoya deed to exclude from the conveyance the 20 feet of the land constituting plaintiff's lot situated within the boundaries of Cole Avenue.

Thereafter, in plaintiff's chain of title the Southeast boundary is designated as being 125½ feet from "the intersection of the Northeast line of Worthington Street with the Northwest line of LaClede Street".

We are also of the view that the references " * * * along the northeastern line of Worthington Street to an iron pin located in the Southeast corner of a garage * * * " appearing in deeds in plaintiff's chain of title are not reliable, as there is no evidence of probative force that such an iron pin was ever located by anyone. Neither of the surveyors testified to locating or relying upon such an iron pin, and it could not have been located at the Southeast corner of the garage on the premises, as this garage is apparently recessed about 12.9 feet back from the Northeast line of Worthington Street, according to defendant's and plaintiff's survey exhibits.

■ Under the trial court's findings of fact, plaintiff did not establish to the satisfaction of the trial court any record title to the property, and the defendant did. (Fact findings Nos. 6 and 7) After carefully reviewing all the evidence adduced, we agree with such fact findings of the trial court, and hold that such findings are sufficiently supported by ample evidence of probative force.

The trial court, after hearing all of the evidence adduced, found against the plaintiff on the questions of adverse possession under the 3, 5, 10 and 25 year statutes of limitations.

The only evidence adduced by plaintiff to support her position on alleged adverse possession under the limitation statutes was that of herself and her daughter. She, as plaintiff, was clearly an interested witness. There was also testimony from defendant Spencer and defendant's witness Mrs. Seale, a former owner of defendant's property, tending to negate the testimony of plaintiff and her daughter with reference to the alleged adverse possession of plaintiff.

In Brown v. Wright, Tex.Civ.App., 356 S.W.2d 849, wr. dism., (1962), it was stated in part as follows:

"The burden of proof was upon Mary Brown to show that she held open, adverse and peaceful possession of the premises for ten years or more. Arts. 5510 and 5513, Vernon's Ann.Civ.Stats. The proof must be clear and satisfactory. Moore v. Wooten, Tex.Com.App., 280 S.W. 742. Appellant was an interested witness, her testimony was not conclusive. Hudson v. Hudson, Tex.Civ.App., 265 S.W.2d 137.

"The evidence in this case fails to show such exclusive, adverse, uninterrupted peaceful possession of the property by Appellant as to establish title under the ten-year statute of limitations, and even if the evidence had been sufficient to establish these facts, it was not conclusive in its nature, and under all the evidence the trial court did not err in finding, in effect, that Mary Brown had not discharged the burden of establishing title under the ten-year statute of limitations, and in awarding the lot to appellees who held a warranty deed to it."

Plaintiff's testimony with reference to her alleged adverse possession of the strip in question, besides being that of an interested witness, is not very strong. The garage in question was very old and was not used by plaintiff as a garage; she contended she used it for storage and had a lock on it. The only improvement she tes-

tified to making was replacing a door on the garage, and her own testimony is conflicting as to when this was done—she first testified that it was replaced in 1960, and later testified that it was fourteen years ago. This testimony is also out of harmony with the testimony of plaintiff's investigator who testified that the door of the garage appeared to be more than twenty years old. Plaintiff replaced the roof on her house about six months before trial, but did not then or at any prior time replace the roof on the old garage.

Plaintiff's contention that in 1950 a fence completely enclosed her property is not satisfactorily supported by evidence of probative force. There is evidence to the effect that there was an old wooden fence somewhere in the area of the garage that neighborhood children tore down. It was never repaired by plaintiff after it was torn down. Such fence, if there ever was one, according to defendant's surveyor, Pete Montgomery, extended for a short distance behind the garage only.

Plaintiff's testimony, as an interested witness, to the effect that she maintained the grass and weeds on the strip in question for a period of nineteen years or more is inconclusive. Furthermore, there is evidence to the effect that at least for the past eight years the person plaintiff paid to clean her yard and maintain the area in question was an employee of defendant who did yard work for defendant as well.

The record is clear that defendant and his predecessors in title paid city taxes on the land described in defendant's deed which would include the disputed strip. Plaintiff's tax receipts do not clearly indicate that she paid taxes on any portion of the land described in defendant's deed; her city tax receipts show payment of taxes on a 50 x 101 foot lot, and her county tax receipts show payments of taxes for a 50 x 85 foot lot, and neither of these figures are in accord with the measurements made by her surveyor. Apparently the confusion with respect to the exact footage of plaintiff's lot was caused by part of it having been taken earlier for street purposes, and this is most probably the best explanation why plaintiff's lot was not as large as she contended it was.

Defendant testified that he had no notice of a claim of ownership by plaintiff adverse to the property described in his deed until about six months before the trial of the case, and that when he did discover the adverse claim he had a fence built along the property lines established by his surveyor, Pete Montgomery. Also with respect to notice of an adverse claim of ownership to the garage and surrounding property, Mrs. Seale, a predecessor in defendant's chain of title, testified to the effect that she and her family owned the S.E. portion of said lot from 1942 to 1963, and that no one made a claim of ownership to the garage in question adverse to her record title, and that she never noticed a door on the garage in question because "it was probably open or something."

The testimony of plaintiff's daughter, while corroborating the testimony of her mother in some respects, was rather meagre. It is our view that the testimony of plaintiff and her daughter, when considered with the negating testimony offered by defendant, presented at the most only issues of fact to be determined by the trial court.

The trial judge, as the trier of the facts, was the judge of the credibility of the witnesses and of the weight to be given their testimony. Denton v. Bennett, Tex.Civ. App., 364 S.W.2d 857, wr. ref. n. r. e. (1963).

After carefully considering all the evidence adduced with reference to the questions of plaintiff's alleged adverse possession under the 3, 5, 10 and 25 year statutes of limitations, we have reached the conclusion that the trial court did not err in finding against plaintiff on these questions under the record in this case.

We are of the further opinion that all of the trial court's findings of fact are sufficiently supported by the evidence. We also agree with all of the trial court's conclusions of law.

Each and all of appellant's points have been considered. None of them are deemed as presenting reversible error under the record in this case and the same are overruled.

Finding that the trial court entered a correct judgment under the record in this case, said judgment is accordingly affirmed.

Affirmed.