

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00836-CV

Maryvel **SUDAY** and The Estate of Olga Tamez de Suday,
Appellants

v.

Jesus Lozano **SUDAY**,
Appellee

From the County Court at Law, Val Verde County, Texas
Trial Court No. 3625CCL
The Honorable Stephen B. Ables, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Lori Massey Brissette, Justice
Adrian A. Spears II, Justice

Delivered and Filed: January 14, 2026

AFFIRMED

This is our fifth time considering appellant Maryvel Suday's claims in connection with her

parents' divorce and property division.[1] On September 25, 2024, this court issued an opinion and

---

[1] *See Suday v. Suday* (*Suday I*), No. 04-19-00832-CV, 2020 WL 6928447, at *6 (Tex. App.—San Antonio Nov. 25, 2020, no pet.) (affirming final decree of divorce of Suday's parents' divorce); *In re Suday* (*Suday II*), No. 04-20-00510-CV, 2020 WL 7232130, at *1 (Tex. App.—San Antonio Dec. 9, 2020, no pet.) (denying mandamus petitions claiming trial court abused discretion by denying request to supersede divorce decree without filing bond and directing sale of property and order of possession); *Suday v. Smith* (*Suday III*), No. 04-21-00279-CV, 2022 WL 789344, at *1 (Tex. App.—San Antonio Mar. 16, 2022, pet. denied) (affirming trial court's order granting county attorney's plea to

judgment in this appeal.[2] *See Suday v. Suday*, 717 S.W.3d 441 (Tex. App.—San Antonio 2024). In our opinion, we dismissed Suday's appeal on behalf of the estate for lack of jurisdiction because Suday was not an attorney and could not represent her mother's estate. *See id.* at 444–45. We further concluded she had no standing to collaterally attack the divorce decree between her parents—Olga Tamez de Suday and Jesus Lozano Suday—because she could not show the county court's order dividing her parents' Texas property was void, rejecting her challenge to the decree on subject matter jurisdiction grounds. *See id.* at 444. On June 27, 2025, the Supreme Court of Texas reversed our opinion and judgment as to the dismissal of the estate's claims, holding that Suday could represent the estate pro se as the only beneficiary and remanding the case to us to address the merits of the estate's claims. *Suday SCoTx*, 716 S.W.3d at 587, 590.

Suday's arguments as executor are identical to her arguments we rejected in her individual capacity.[3] In essence, she contends, because her parents were already divorced in Mexico, the

---

jurisdiction where, during the pendency of parents' divorce, Suday allegedly used violence against family members and threatened their lives, county attorney moved for protective order against Suday, Suday then sought sanctions against county attorney); *Suday v. Suday* (*Suday IV*), 717 S.W.3d 441, 444–45 (Tex. App.—San Antonio 2024) (dismissing Suday's appeal on behalf of estate and concluding she had no standing to collaterally attack divorce decree), *review granted, decision rev'd*, 716 S.W.3d 586 (Tex. 2025). Suday has a sixth case pending before us involving the dismissal of her will contest. *See* Case No. 04-25-00744-cv (Tex. App.—San Antonio). Suday has also brought a case in at least one of our sister courts. *See In re Suday*, No. 05-25-01490-CV, 2025 WL 3193777, at *1 (Tex. App.—Dallas Nov. 14, 2025, no pet. h.) (denying mandamus relief for inadequate record).

[2] The factual background of this case is set forth in our previous opinions, as well as in the Texas Supreme Court's June 27, 2025 opinion, and not restated here. *See Suday v. Suday* ("*Suday SCoTx*"), 716 S.W.3d 586, 587–88 (Tex. 2025); *Suday IV*, 717 S.W.3d at 442; *Suday I*, 2020 WL 6928447, at *1-3.

[3] We note that we were unable to locate nearly all of the "caselaw" cited by Suday in her supplemental brief after an exhaustive search on a reliable legal database, and most of the caselaw appears to be fictitious. *See, e.g.*, "Varela v. Varela, 464 S.W.3d 407 (Tex. App.—San Antonio 2015, no pet.)"; "Garrison v. Garrison, 966 S.W.2d 493, 495 (Tex. App.—San Antonio 1998, no pet.)"; "Ex parte Hudson, 11 U.S. 225, 234 (1812)"; "Sabir v. Daud, No. 01-22-00956-CV, 2024 WL 3478110, at 5 (Tex. App.—Houston [1st Dist.] July 18, 2024, no pet.)"; "Douglas v. Douglas, 454 S.W.2d 225, 227 (Tex. Civ. App.—Galveston 1970, no writ)"; "Woodard v. Andrus, 419 S.W.3d 226, 234 (Tex. App.—Beaumont 2013, pet. denied)." Because most of it seems to be fictitious, it appears Suday may have used an artificial intelligence tool in the preparation of her supplemental brief. While this could be grounds for striking the estate's brief, we choose to address the merits as referred to us by the Texas Supreme Court. However, we caution Suday and other litigants, as we have in other cases, that these tools, at present, lack the ability to produce reliable and accurate citations to legal authorities. *See, e.g.*, *AGiza v. Franklin*, No. 04-25-00099-CV, 2025 WL 2058089, at *3 (Tex. App.—San Antonio July 23, 2025, pet. denied).

county court did not have subject-matter jurisdiction to grant the divorce decree. She asserts the trial court therefore lacked subject-matter jurisdiction to issue any subsequent orders dividing property. She asks us to set aside the county court's June 27, 2023 order denying a series of her motions attempting to set aside the decree and the property division on jurisdictional grounds. As we explained in *Suday IV*, even if the county court lacked jurisdiction to grant a divorce based on the prior Mexican divorce decree, the parties still needed to divide their Texas assets. An existing divorce does not bar a county court from dividing those assets for the first time. *Suday IV*, 717 S.W.3d at 444–45; *see* TEX. FAM. CODE § 9.201-.204; *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex. 1970); *Supak v. Zboril*, 56 S.W.3d 785, 795–96 (Tex. App.—Houston [14th Dist.] 2001, no pet.).[4]

## CONCLUSION

Accordingly, we reject Suday's contentions as executor and affirm the county court's June 27, 2023 order.[5]

Lori Massey Brissette, Justice

---

[4] *See also Jindrich v. Weihele*, 656 S.W.3d 519, 525 (Tex. App.—El Paso 2022, pet. denied) (holding trial court had subject matter jurisdiction to issue order specifically apportioning former husband's benefits post-divorce); *Ashfaq v. Ashfaq*, 467 S.W.3d 539, (Tex. App.—Houston [1st Dist.] 2015, no pet.) (affirming trial court dismissal of divorce action for want of jurisdiction and treatment of remainder of pleading as post-divorce petition for division of assets, upon which trial court entered judgment dividing assets).

[5] Because we affirm the county court's order, we reject Suday's contention that, because the county court's order was void for lack of subject-matter jurisdiction, the county court abused its discretion by granting Lozano Suday attorney's fees. *See* TEX. R. APP. P. 47.1. Suday also contends in her supplemental brief we should remand to the trial court for recusal. But there is no order pending before us addressing a recusal motion, Suday largely cites fictitious cases in support of her contention, and the issue is beyond the scope of our order granting Suday the right to supplement her briefing before us. *See* TEX. R. APP. P. 38.1(i). We therefore need not consider the issue. *See* TEX. R. APP. P. 47.1.